# EXHIBIT 1

# JOSEPH & NORINSBERG, LLC

225 Broadway Suite 2700
New York, NY 10007
Tel (212) 227-5700
Fax (212) 656-1889

John J. Meehan, Esq.
jomeehan@norinsberglaw.com

www.employeejustice.com

December 2, 2019

*Via Federal Express*
The Hon. Andrew Napolitano
████████████
Newton, NJ 07860

Re:   ***Charles Corbishley v. Andrew Napolitano***

Dear Mr. Napolitano,

Please be advised that Mr. Charles Corbishley has retained our law firm to file a lawsuit against you. This lawsuit arises from your sexual assault of Mr. Corbishley as a teenager while you were presiding over his criminal case in Hackensack, New Jersey. These allegations are set forth in detail in the annexed Complaint, which we intend to file on December 9, 2019.

This letter shall serve as a formal demand to compensate Mr. Corbishley for all of his damages, including but not limited to, damages for his sexual assault, severe emotional distress, and humiliation, as well as punitive damages and attorneys' fees. If you are interested in resolving this matter in an expedient and *confidential* manner, either directly or through a representative, please contact us upon receipt. If we do not receive a response within **seven days** of receipt of this letter, we will assume that there is no interest in resolving this matter. We will then take all steps necessary on behalf of our client to swiftly adjudicate this case in a court of appropriate jurisdiction, which will naturally make this a matter of public record.

Please preserve any and all documents, including, but not limited to, all complaints of, sexual abuse, harassment, and any records pertaining to the Corbishley criminal matter. Additionally, please preserve all documents, contracts, reports, notes, memoranda, bills, receipts, and e-mail correspondence relating to Mr. Corbishley, whether or not pertinent and/or material to the aforementioned claims, or any potential claims that she may have.

Should you have any questions or concerns, please do not hesitate to contact the undersigned.

Respectfully,

John J. Meehan
Joseph & Norinsberg, LLC

SUPERIOR COURT OF NEW JERSEY
BERGEN COUNTY
----------------------------------------------------------------X
CHARLES CORBISHLEY,

                        Plaintiff,                    **VERIFIED COMPLAINT**

       -against-                            **JURY TRIAL DEMANDED**

ANDREW NAPOLITANO,

                        Defendant.
----------------------------------------------------------------X

        Plaintiff CHARLES CORBISHLEY, by his attorney JOSEPH & NORINSBERG, LLC, bring this action against defendant ANDREW NAPOLITANO ("Napolitano" or "Defendant"), alleging, on personal knowledge as to him and on information and belief as to all other matters, as follows:

### JURY DEMAND

        Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION AND VENUE

    1.     This Court has personal jurisdiction over the Defendant in that at the date of the incident, defendant resided in the State of New Jersey.

    2.     This Court has jurisdiction over this action because the amount of damages Plaintiff seeks exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

    3.     Venue for this action is proper in the County of Bergen, pursuant to *R.* 4:3-2, in that venue is properly laid in the county in which the cause of action arose.

### CHILD VICTIMS ACT

    4.     Each of Plaintiff's causes of action is timely pursuant to the Child Victims Act that was enacted on May 13, 2019, and went into effect on December 1, 2019. Plaintiff alleges that the

Defendant committed intentional or negligent acts or omissions which resulted in Plaintiff suffering physical, psychological or other injuries or conditions as a direct and proximate result of conduct which constitutes a sexual offense committed against his person, as defined in Section 1 of P.L. 1992, c. 109, as amended on May 13, 2019. This action, moreover, has not been filed until the effective date of December 1, 2019.

## PARTIES

5.     Plaintiff CHARLES CORBISHLEY is an individual currently residing in Little River, South Carolina.

6.     At all relevant times, plaintiff was a teenage boy and a resident of Hackensack, in the County of Bergen.

7.     Defendant ANDREW NAPOLITANO is an attorney duly licensed to practice law in the State of New Jersey, and who was, at all relevant times, a New Jersey Superior Court Justice.

8.     At all relevant times, Defendant NAPOLITANO was the presiding Justice on a pending criminal action against plaintiff CHARLES CORBISHLEY.

## STATEMENT OF FACTS

9.     Plaintiff CHARLES CORBISHLEY had a difficult family life, and was in and out of trouble with the law as a teenager.

10.     During the times relevant to the allegations set forth herein, Defendant NAPOLITANO presided over plaintiff's criminal charges stemming from a violation of probation.

11.     Plaintiff was on probation for a juvenile arson charge.

12.     Plaintiff violated his probation and was arrested on another arson charge.

13.     Thereafter, plaintiff retained the services of Robert A. Hollis, Esq., a criminal defense attorney.

14.     Shortly after retaining the services of Mr. Hollis, Mr. Corbishley's case was transferred to defendant ANDREW NAPOLITANO's court.

15.     Through his position as a New Jersey Superior Court Justice, defendant NAPOLITANO was put in direct access to Plaintiff CHARLES CORBISHLEY.

16.     Mr. Hollis used his position as plaintiff's criminal defense attorney to arrange for plaintiff CHARLES CORBISHLEY to have a private, *ex parte*, meeting with defendant ANDREW NAPOLITANO at the Napolitano residence.

17.     Under the direction and advice of his attorney, Mr. Corbishley went to defendant ANDREW NAPOLITANO's house, located in Hackensack, NJ.

18.     Mr. Corbishley was instructed to bring a snow-shovel, as well as a Christmas card for defendant NAPOLITANO.

19.     Mr. Corbishley complied with his attorney's request, and went to defendant's home.

20.     Upon arrival at the residence, Mr. Corbishley rang the doorbell, and defendant answered the door. Defendant NAPOLITANO instructed plaintiff to go out back and begin to shovel the driveway. Plaintiff complied.

21.     Thereafter, defendant NAPOLITANO came outside, dressed only in a trench coat.

22.     Defendant NAPOLITANO then proceeded to make small talk with plaintiff, asking about his family life, and the family-owned pharmacy in town, Mira Pharmacy.

23.     Defendant NAPOLITANO then approached plaintiff, and stated "you know, you could be going away for a long time."

24.     As defendant was speaking to plaintiff, he proceeded to place his hands on plaintiff's shoulders, and forced plaintiff to his knees. As he pushed down toward the ground,

defendant stated "you should be a good boy."

25.    Thereafter, defendant NAPOLITANO pulled his penis out.

26.    Plaintiff was forced to perform fellatio on the Hon. Andrew Napolitano, the presiding Justice on his criminal case.

27.    As defendant began to ejaculate into plaintiff's mouth, plaintiff took off crying and ran away.

28.    Thereafter, in exchange for plaintiff's "services" to Judge Napolitano, plaintiff received a significantly reduced sentence from the Court for the violation of his probation with a second arson charge: more probation.

29.    Several years later, Mr. Corbishley again violated his probation, this time for narcotics and possession of a weapon.

30.    Plaintiff pled guilty to these charges and, shockingly, defendant NAPOLITANO simply released plaintiff, claiming that "The Court finds that the defendant has been burdened with probation long enough given the nature of the original offense, and that further probation would be fruitless and frustrative for both the defendant and probation department."

31.    Defendant NAPOLITANO'S conduct constitutes Sexual Assault under 2C:14-2 (C)(2) since "[t]he victim [was] on probation or parole... and the actor has supervisory or disciplinary power over the victim by virtue of the actor's legal, professional or occupational status."

32.    As a matter of law, it was impossible for Plaintiff CHARLES CORBISHLEY to be a "willing partner" in any type of sexual encounter with NAPOLITANO.

33.    As a matter of law, it was impossible for Plaintiff CHARLES CORBISHLEY to have "consented" to any sexual activities with NAPOLITANO.

34.     As a direct result of Defendant's conduct described herein, Plaintiff suffered and will continue to suffer great pain of mind and body, severe and permanent emotional distress, and physical manifestations of emotional distress. Plaintiff was prevented from obtaining the full enjoyment of life; has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling; and has incurred and will continue to incur loss of income and/or loss of earning capacity.

## FIRST CLAIM FOR RELIEF
## SEXUAL ASSAULT

35.     Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

36.     Defendant ANDREW NAPOLITANO did sexually assault, sexually abuse, and/or have sexual contact with Plaintiff in violation of the laws of the State of New Jersey.

37.     By sexually assaulting, sexually abusing, and/or having sexual contact with Plaintiff, Defendant ANDREW NAPOLITANO placed Plaintiff in imminent and reasonable apprehension of harmful and offensive contact.

38.     By sexually assaulting, sexually abusing, and/or having sexual contact with Plaintiff, Defendant ANDREW NAPOLITANO acted so as to cause repeated unjustified, harmful and offensive physical contact with Plaintiff.

39.     As a direct result of Defendants' conduct Plaintiff has suffered the injuries and damages described herein.

40.     By reason of the foregoing, Defendant is liable to Plaintiff for compensatory damages and for punitive damages, together with interest and costs.

## SECOND CLAIM FOR RELIEF
## ASSAULT

41.     Plaintiff repeats and realleges each and every allegation set forth above as if fully

set forth herein.

42.     Defendant's aforementioned actions placed plaintiff CHARLES CORBISHLEY in apprehension of imminent harmful and offensive bodily contact.

43.     As a result of the foregoing, plaintiff CHARLES CORBISHLEY sustained, *inter alia*, assault, battery, severe emotional distress, embarrassment, humiliation, physical pain and mental anguish, together with shock, fright, and apprehension.

## THIRD CLAIM FOR RELIEF
## BATTERY

44.  Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

45.     Defendant ANDREW NAPOLITANO touched plaintiff in a harmful and offensive manner.

46.     Defendant did so without privilege or consent from plaintiff CHARLES CORBISHLEY.

47.     As a result of the foregoing, plaintiff CHARLES CORBISHLEY sustained, *inter alia*, assault, battery, severe emotional distress, embarrassment, humiliation, physical pain and mental anguish, together with shock, fright, and apprehension.

## FOURTH CLAIM FOR RELIEF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

48.  Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

49.  The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

50.  The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to plaintiff.

51. As a result of the aforementioned conduct, plaintiff CHARLES CORBISHLEY suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, and fright.

**WHEREFORE,** Plaintiff CHARLES CORBISHLEY hereby demands judgment against the Defendant on each cause of action as follows:

A.    Awarding compensatory damages in an amount to be proven at trial, but, in any event, in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter;

B.    Awarding punitive damages to the extent permitted by law;

C.    Awarding costs and fees of this action, including attorneys' fees to the extent permitted by law;

D.    Awarding prejudgment interest to the extent permitted by law; and

E.    Awarding such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
       December 2, 2019

BY: _____
    John J. Meehan, Esq.
    JOSEPH & NORINSBERG, LLC
    *Attorneys for Plaintiff*
    225 Broadway, Suite 2700
    New York, N.Y. 10007
    (212) 227-5700