# EXHIBIT 2



## CLARE LOCKE
### L L P

**THOMAS A. CLARE, P.C.**
tom@clarelocke.com
(202) 628-7401

10 Prince Street
Alexandria, Virginia 22314

(202) 628-7400

www.clarelocke.com

January 16, 2020

*Via Email*

Bennitta Joseph, Esq.
Jon Norinsberg, Esq.
John J. Meehan, Esq.
Joseph & Norinsberg, LLC
225 Broadway, Suite 2700
New York, New York 10007
Email:  jmeehan@norinsberglaw.com
        jon@norinsberglaw.com
        bennitttaj@gmail.com

Re:    **Extortion of Judge Andrew Napolitano**

Dear Ms. Joseph and Messrs. Norinsberg and Meehan:

I am lead counsel to Judge Andrew Napolitano.  Judge Napolitano has retained my firm (together with our co-counsel at Cole Schotz, P.C.) to address — and pursue all available claims and remedies regarding — the demonstrably false and legally meritless claims you have threatened to file and publicize on behalf of Charles Corbishley.

Judge Napolitano will not be extorted.  He will not pay Corbishley or your firm any amount of money, under any circumstance.  The meeting with your firm tentatively scheduled for 6:00 p.m. tonight is canceled.  We have reported this unlawful extortion attempt to federal law enforcement officials for investigation.  Judge Napolitano has absolutely nothing to hide and will comply fully with law enforcement's investigation of these matters.

Judge Napolitano denies — in the strongest possible terms — ever having had a "private, *ex parte*" meeting with Corbishley, engaging in any sort of sexual contact with Corbishley, or imposing a lesser sentence (or providing any other consideration) in exchange for any "services." These false allegations accuse Judge Napolitano, a highly regarded lawyer and jurist with an unblemished reputation, of committing a sexual assault, battery, and corruption in the performance of his public duties as a Superior Court judge.  These allegations are demonstrably false and

defamatory per se, and we demand that you immediately withdraw the extortionate threat to file and publicize these false accusations that have no basis in reality.

Should your firm and Corbishley disregard the information in this letter and persist in your threat to file and publicize these allegations, Judge Napolitano is prepared to pursue all applicable claims and remedies against your client and your law firm to the fullest extent permitted under the law and applicable canons of professional ethics. Those remedies include, without limitation, immediately seeking sanctions against Corbishley, your law firm, and Mr. Meehan individually, as the signatory of the verified complaint and an attorney not licensed to practice law in the State of New Jersey in violation of RPC 5.5. Those remedies also will include the initiation of defamation counterclaims against Corbishley and your firm arising from the filing of a "sham" pleading for the sole and improper purpose of damaging Judge Napolitano's reputation. The law offers no protection for "sham" litigation pleadings.

New Jersey's frivolous litigation statute, N.J.S.A. 2A:15-59-1 requires the imposition of sanctions when: (i) litigation is "commenced, used or continued in bad faith solely for the purpose of harassment, delay or malicious injury," or (ii) the litigant "knew, or should have known, that the complaint . . . was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." Both Rule 1:4-8 and the federal analog Fed. R. Civ. P. 11 impose an obligation on counsel and their clients, providing that any attorney who signs a pleading is certifying, to the best of his knowledge and after conducting a diligent inquiry, that the factual allegations contained therein are supported by credible evidence and that the pleading is not brought for an improper purpose.[1]

The lawsuit you are threatening to file is fatally flawed – both factually and legally – for multiple independent reasons:

The allegations in your verified complaint are pure fiction. Judge Napolitano categorically denies, in the strongest possible terms, each and every fact alleged in the complaint regarding Corbishley's purported claims for sexual assault, assault, battery, and intentional infliction of emotional distress. When Judge Napolitano's counsel asked you to identify any witnesses, evidence, or other proof that any of these things had ever occurred, the only "evidence" your firm was able to identify were public records demonstrating that Corbishley was, in fact, a career criminal in New Jersey with multiple criminal convictions.

Even the few allegations that do appear in the complaint demonstrate that the allegations and claims are both factually and legally meritless.

Corbishley's entire story is rooted in the assertion that his now-deceased criminal defense attorney instructed him to shovel snow from Judge Napolitano's driveway. (Comp. ¶¶ 17-20.)

---

[1] *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994) ("[Fed. R. Civ. P. 11] imposes an affirmative duty on the parties to conduct a reasonable inquiry into the applicable law and facts prior to filing. An inquiry is considered reasonable under the circumstances if it provides the party with "an 'objective knowledge or belief at the time of the filing of a challenged paper' that the claim was well-grounded in law and fact.") (citations omitted).

Although you have failed to identify a specific date for this fictional incident, the complaint alleges that it took place sometime after Corbishley pled guilty on November 16, 1988, but before he was sentenced in January 1989.[2] According to the verified complaint, Corbishley supposedly went to Judge Napolitano's "house" in Hackensack New Jersey and was instructed to go "out back" and "begin to shovel the driveway." (Comp. ¶¶ 17, 20.)

These allegations are demonstrably false. At the time alleged in the complaint (November 1988 - January 1989), Judge Napolitano lived on the 26th floor of this condominium building:



Thus, it is readily apparent that there was no "house," no "driveway" that could have been shoveled, and no "out back" where the alleged assault supposedly could have occurred. These facts, alone, conclusively demonstrate that Corbishley's claims are completely fabricated. They also demonstrate that Corbishley has either lied to your firm about his supposed claims or, at a minimum, that your firm has failed to adequately investigate the factual and legal basis for the threatened claim.

Your verified complaint also falsely claims that Corbishley was a "teenage boy" when the fabricated assault supposedly took place, presumably to resuscitate your 30-year-old claims that fall far outside of New Jersey's statute of limitations. But, according to the very same criminal court records you provided, Corbishley was 20 years old during the winter of 1988-1989. This is yet another demonstrably false allegation confirming that you and your firm have not conducted a proper investigation prior to threatening this extortionate action.

Moreover, Judge Napolitano did not, as falsely claimed in the verified complaint, order "a significantly reduced sentence" in exchange for the non-existent sexual favors or for any other reason. (Complaint ¶ 28.) Indeed, the opposite is true, and the very same criminal records you provided also reject this assertion. Those records demonstrate that after Corbishley entered into a plea deal with the prosecutor's office — pleading guilty to a crime in the fourth degree — Judge Napolitano

---

[2] Corbishley pled guilty to a lesser charge of Failure to Report a Dangerous Fire on November 16, 1988 and was sentenced by Judge Napolitano on January 27, 1989. Corbishley's criminal record is attached as **Exhibit A.**



sentenced Corbishley to five years of probation, the ***maximum term of probation*** allowed by law pursuant to N.J.S.A. 2C:45-2. Once again, the incontrovertible, documented facts completely reject the premise of your flawed lawsuit.

The complaint also contains a prominent reference to an inapplicable New York Statute — the "Child Victims Act" — in order to exacerbate the false impression that Corbishley was a minor when these events supposedly occurred. As you know, that is the name of a recently enacted New York statute with absolutely no bearing on this litigation. Nevertheless, in an effort to further sensationalize your complaint and misrepresent the facts, you prominently suggest that Corbishley's claims are being brought pursuant to this law. As you also know, the New Jersey bill — P.L.2019 c. 120 — relevant to your complaint does not have any such title. Your reference to the New York statute is misleading, impertinent, grossly inappropriate, and solely intended to portray Judge Napolitano, and the allegations against him, in a false light to draw headlines, and enhanced embarrassment, to Judge Napolitano where none are justified.

There can be no doubt that the complaint is factually baseless and legally meritless. Your firm sent the verified complaint for the sole and improper purpose of extorting, threatening, defaming, harassing, and embarrassing Judge Napolitano. We demand that you withdraw the threat immediately.

This is not intended to be a complete statement of Judge Napolitano's rights, remedies, claims and causes of action, all of which are expressly reserved.

Very truly yours,

Thomas A. Clare, P.C.

cc: Michael Sirota, Esq.
    Michael Weinstein, Esq.

# Exhibit A

**State of New Jersey**

v.                    V.O.P.

CHARLES CORBISHLEY

Defendant (Specify Complete Name)

**New Jersey Superior Court**

BERGEN County

**Law Division – Criminal**

☐ **Judgment of Conviction**
☐ **Change of Judgment**
☐ **Order for Commitment**
☐ **Indictment/Accusation Dismissed**
☐ **Judgment of Acquittal**

| | | ADJUDICATION BY: | DATE |
|---|---|---|---|
| 390991B | DATE OF BIRTH | ☒ GUILTY PLEA | 11/16/88 |
| | S.B.I. # | ☐ JURY TRIAL | |
| 11/2/87 | DATE OF ARREST | ☐ NON-JURY TRIAL | |
| 2/16/88 | DATE IND / ACC FILED | ☐ Dismissed/Acquitted | |
| 3/11/88 | DATE OF ORIGINAL PLEA | | |
| ☒ NOT GUILTY  ☐ GUILTY | ORIGINAL PLEA | | |

**ORIGINAL CHARGES**

| IND / ACC. No. | Count | Description | Degree | Status |
|---|---|---|---|---|
| S-230-88 | 1 | ARSON | | 2C:17-1(b)2 |
| | 2 | BURGLARY OF MOTOR VEHICLE | | 2C:18-2 |
| | 3 | AGGRAVATED ARSON | | 2C:17-1A2 |

**FINAL CHARGES**

| Count | Description | Degree | Status |
|---|---|---|---|
| Ct. 1 | (AMENDED) FAILURE TO REPORT DANGEROUS FIRE | | 2C:17-1(c)2 |

1/27/89 Original Sentence

It is, therefore, on  8/8/91 V.O.P.  **ORDERED** and **ADJUDGED** that the defendant is sentenced as follows:

DEFENDANT RE-SENTENCED TO 2 YEARS PROBATION, EFFECTIVE TODAY.
DEFENDANT IS TO RECIEVE OUTPATIENT COUNSELING BY A PERSON LICENSED
TO DO SO AND WHO IS ACCEPTABLE TO PROBATION.   THIS PERSON IS TO
SUBMIT A WRITTEN REPORT TO PROBATION EVERY 60 DAYS.

150 HOURS COMMUNITY SERVICE-VACATED

☐ It is further **ORDERED** that the sheriff deliver the defendant to the appropriate correctional authority.

☐ Defendant is to receive credit for time spent in custody.

| | TOTAL NO. DAYS | DATES (From / To) |
|---|---|---|

| Total Custodial Term | Institution | | Total Probation Term | DATES (From / To) |
|---|---|---|---|---|

Administrative Office of the Courts
State Bureau of Identification

CN6166 (Rev. 11/89) Replaces  LR-34 & LR-23
CDR 4 (Rev. 11/89)

STATE OF NEW JERSEY : BERGEN COUNTY
~ VS ~ :
: HONORABLE ANDREW P. NAPOLITANO
CHARLES CORBISHLEY : INDICTMENT NO. S-0230-88
: ACCUSATION NO. _____
------DEFENDANT------ x COMPLAINT NO. _____
DOCKET NO. _____

I, PETER N. BRILL, VICINAGE CHIEF PROBATION OFFICER of
the County of Bergen, aforesaid, do hereby charge that
CHARLES CORBISHLEY _____, late of the
CITY OF HACKENSACK _____, County of _____BERGEN_____
was on the ___16th___ day of ___NOVEMBER___ , ___1988___, convicted in
the above-entitled Court on a charge of FAILURE TO REPORT
DANGEROUS FIRE _____ and that upon
said conviction the Court rendered the following judgment:
On January 27, 1989:

Five (5) years Probation; Conditions: strict Narcotic control; 150
hours Community Service; any Violation of Probation is to be
brought to Judge Napolitano; $30.00 Penalty to the Violent Crimes
Compensation Board (paid).

VIOLATION OF PROBATION, AUGUST 8, 1991L: Probation extended two
(2) years; Community Service remitted; to attend psychological
counselling; Pay $30.00 VCCB Penalty in full; progress report
every 60 days.

That the said _____CHARLES CORBISHLEY_____
did violate the terms and conditions of Probation in the
following respects:

1. The Subject Violated Rule No. 1 of Probation by being arrested
   on September 15, 1991, by the Bergen County Police for
   Controlled Dangerous Substance, Marijuana; and Carrying a
   Prohibited Weapon.

2. The Subject Violated Rule No. 1 of Probation in that he Did Use
   or Was Under the Influence of Controlled Dangerous Substance,
   to wit: Cocaine on August 14, 1991, August 28, 1991, and
   September 4, 1991, as evidenced by positive urine specimens
   tested at Bergen Pines County Hospital Toxicology Laboratory.

.C.
.-91
ak
),913
(AC)
2/91

5 500
91

DATED: _October 3, 1991_          _____
                                   PETER N. BRILL
                                   VICINAGE CHIEF PROBATION OFFICER

**State of New Jersey**   VIOLATION OF PROBATION   **New Jersey Superior Court**
BERGEN   County
v.   Law Division – Criminal

CHARLES CORBISHLEY

Defendant (Specify Complete Name)

☐ **Judgment of Conviction**
☐ **Change of Judgment**
☐ **Order for Commitment**
☐ **Indictment/Accusation Dismissed**
☐ **Judgment of Acquittal**

| | | |
|---|---|---|
| 390991B | DATE OF BIRTH | |
| | S.B.I. # | ADJUDICATION BY: DATE |
| 11/2/87 | DATE OF ARREST | ☒ GUILTY PLEA  11/16/88 |
| 2/16/88 | DATE IND / ACC FILED | ☐ JURY TRIAL |
| 3/11/88 | DATE OF ORIGINAL PLEA | ☐ NON-JURY TRIAL |
| ☒ NOT GUILTY ☐ GUILTY | ORIGINAL PLEA | ☐ Dismissed/Acquitted |

**ORIGINAL CHARGES**

| IND / ACC No. | Count | Description | Degree | Status |
|---|---|---|---|---|
| S-230-88 | 1 | Arson | | 2C:17-1(b)2 |
| | 2 | Burglary of motor vehicle | | 2C:18-2 |
| | 3 | Aggr. Arson | | 2C:17-1A2 |

**FINAL CHARGES**

| Count | Description | Degree | Status |
|---|---|---|---|
| Ct. 1 | (Amended) Failure to report dangerous fire | | 2C:17-1(c)2 |

1/27/89 Original Sentence

It is, therefore, on   1/3/92*   **ORDERED** and **ADJUDGED** that the defendant is sentenced as follows:

\* MOTION BY DEFENDANT TO TERMINATE PROBATION GRANTED, DEFENDANT
TERMINATED FROM PROBATION.

☐ It is further **ORDERED** that the sheriff deliver the defendant to the appropriate correctional authority.

☐ Defendant is to receive credit for time spent in custody.   TOTAL NO. DAYS   DATES (From / To)

Total Custodial Term _____   Institution _____   Total Probation Term _____

Administrative Office of the Courts
State Bureau of Identification

CN100 (Rev 11/88) Replaces LR-34 & LR-33
CDR 4 (Rev 11/88)

COPIES TO:   CHIEF PROBATION OFFICER, STATE POLICE, AOC CRIMINAL PRACTICE DIVISION, DEPT OF CORRECTIONS or COUNTY PENAL INSTITUTION

State of New Jersey v   CHARLES CORBISHLEY      SBI #   390991B      IND  ACC #

If any of the offenses occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C.

Total FINE    $ _____

Total RESTITUTION   $ _____

1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count (Write in # times for each.)

____ 1st Degree @ $3000        ____ 4th Degree @ $750
____ 2nd Degree @ $2000       ____ Disorderly Persons or Petty
____ 3rd Degree @ $1000       ____ Disorderly Persons @ $500

If the offense occurred on or after January 9, 1986, a penalty of $30 is imposed on each count on which the defendant was convicted unless the box below indicates a higher penalty pursuant to N.J.S.A. 2C.43-3.1. (Penalty is $25 if offense is before January 9, 1986, unless a higher penalty is noted.)

Total D.E.D.R. Penalty   $ _____

☐ Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.

2) A mandatory driver's license suspension of _____ months is ORDERED.

The suspension shall begin today, _____ and end _____

☐ Penalty imposed on count _____

is $ _____ each.

Driver's License Number _____
(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)

Defendant's Address _____

Total VCCB Penalty    $ _____

Eye Color _____ Sex _____ Date of Birth _____
☐ The defendant is the holder of an out-of-state driver's license from the following jurisdiction _____ Driver's license # _____

☐ Installment payments are due at the rate of $ _____ per _____
beginning _____
(DATE)

☐ Your non-resident driving privileges are hereby revoked for _____ Months.

3) A license laboratory fee of $50 per offense is ORDERED. Offenses @ $50.

Total LAB FEE   $ _____

4) Name of Drugs Involved _____

| NAME (Court Clerk or Person who prepares this form) | TELEPHONE NUMBER | NAME (Attorney for Defendant at Sentencing) |
|---|---|---|
| Mary Ellen Smith | 201 646-3580 | Robert Hollis, Esq. |

## STATEMENT OF REASONS

THE COURT FINDS THAT THE DEFENDANT HAS BEEN BURDENED WITH PROBATION LONG ENOUGH GIVEN THE NATURE OF THE ORIGINAL OFFENSE, AND THAT FURTHER PROBATION WOULD BE FRUITLESS AND FRUSTRATING FOR BOTH THE DEFENDANT AND PROBATION DEPARTMENT.

| JUDGE (Name) | JUDGE (Signature) | DATE |
|---|---|---|
| HON. ANDREW P. NAPOLITANO, J.S.C. | | 23 Jan 92 |

Administrative Office of the Courts
State Bureau of Identification

CR8105 (Rev. 11/88) Replaces LR-34 & LR-35
CD8-4 (Rev. 11/85)

COPIES TO:   CHIEF PROBATION OFFICER, STATE POLICE  ADD CRIMINAL PRACTICE DIVISION, DEPT OF CORRECTIONS or COUNTY PENAL INSTITUTION

P.O.2807-87
/bh
2-16-88
SUPERIOR COURT OF NEW JERSEY
BERGEN COUNTY - LAW DIVISION
JANUARY          TERM A.D. 1988
SECOND           STATED SESSION

THE STATE OF NEW JERSEY          :

          -vs-                  :

                                    :

            ███████████          :          Indictment No. S-0230-88

    CHARLES CORBISHLEY               :

                                   :

      DEFENDANTS                       :

---

    The Grand Jurors of the State of New Jersey, for the County
of Bergen, upon their oaths present as a

### FIRST COUNT

that ███████████ and CHARLES CORBISHLEY on or about November 2,
1987 in the City of Hackensack, in the County of Bergen
aforesaid, and within the jurisdiction of this Court, did
purposely start a fire or cause an explosion at a garbage
dumpster located in the parking lot behind 100 Second Street
thereby recklessly placing a building or structure of another, to
wit, a two family home located at 96 Second Street and a multi-
family apartment building located at 100 Second Street in danger
of damage or destruction; contrary to the provisions of NJS
2C:17-1(b) 2, and against the peace of this State, the Government
and dignity of the same.

### SECOND COUNT

that ████████████ and CHARLES CORBISHLEY, on or about November 2, 1987, in the City of Hackensack, in the County of Bergen aforesaid, and within the jurisdiction of this Court, did unlawfully enter the structure of ███████████, to wit, a 1968 White Volvo, North Carolina Registration DME-890, located in the parking lot behind 100 Second Street, with the purpose to commit an offense therein; contrary to the provisions of NJS 2C:18-2, and against the peace of this State, the Government and dignity of the same.

### THIRD COUNT

that ████████████ and CHARLES CORBISHLEY on or about November 2, 1987 in the City of Hackensack, in the County of Bergen aforesaid, and within the jurisdiction of this Court, did start a fire or cause an explosion at the parking lot located behind 100 Second Street, with the purpose of destroying a building or structure of another, to wit, a 1968 White Volvo North Carolina Registration DME-890 owned by ████████████ contrary to the provisions of NJS 2C:17-1(a)2, and against the peace of this

State, the Government and dignity of the same.

LARRY J. McCLURE
COUNTY PROSECUTOR

2/16/88

By:  Assistant Prosecutor

A True Bill

2807-87

CRIMINAL PRACTICE

**State of New Jersey**

v.                              S-0230-88-02

New Jersey Superior Court

BERGEN _____ County

Law Division – Criminal

CHARLES CORBISHLEY
Defendant

155 Poplar Ave
Hackensack NJ.

| | |
|---|---|
| 3909991B | S.B.I. # |
| 11/2/87 | DATE OF ARREST |
| 2/16/88 | DATE INDICTMENT FILED |
| 3/11/88 | DATE OF ORIGINAL PLEA |
| ☒ NOT GUILTY ☐ GUILTY | ORIGINAL PLEA |

☒ **JUDGMENT OF CONVICTION**

☐ **ORDER FOR COMMITMENT**

ADJUDICATION BY:          DATE
☒ GUILTY PLEA              11/16/88
☐ JURY TRIAL
☐ NON-JURY TRIAL

DOB-  ▉▉▉▉
SSA - ▉▉▉▉

**ORIGINAL CHARGES**

| Indictment No. | Count | Description | Degree | Status |
|---|---|---|---|---|
| S-230-88 | 1 | ARSON | | 2C:17-1(b)2 |
| | 2 | BURGLARY OF MOTOR VEHICLE | | 2C:18-2 |
| | 3 | AGGRAVATED ARSON | | 2C:17-1A2 |

**FINAL CHARGES**

CT.    1    (AMENDED)    FAILURE TO REPORT DANGEROUS    2C:17-1(c)2
                         FIRE

It is, therefore, on ___1/27/89___ ORDERED and ADJUDGED that the defendant is sentenced as follows:

DISMISS CTS.2 & 3 ON STATE'S MOTION.
CT.1- FIVE YEARS PROBATION WITH STRICT NARCOTICS CONTROLS.
ONE HUNDRED AND FIFTY HOURS COMMUNITY SERVICE. THE
DEFENDANT HAS FIVE YEARS TO COMPLETE THE COMMUNITY SERVICE.
ANY VIOLATION OF PROBATION IS TO BE BROUGHT BEFORE
JUDGE NAPOLITANO.

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

☐ Defendant is to receive credit for time spent in custody.    TOTAL JAIL DAYS          DATES (From / To)

                                                                                  DATES (From / To)

Administrative Office of the Courts                (OVER)          CPB 995 (1/88) Formerly LR-88

State of New Jersey v. __CHARLES CORBISHLEY__                SBI # __390991B__

| | |
|---|---|
| If the offense occurred on or after January 9, 1986, a penalty of $30 is imposed on each count on which the defendant was convicted unless the box below indicates a higher penalty pursuant to N.J.S.A 2C.43-3.1  (Penalty is $25 if offense is before January 9, 1986, unless a higher penalty is noted.) | If any of the offenses occurred on or after July 9,1987, and is for a violation of Chapter 35 or 36 of Title 2C. |

☑ Penalty imposed on count(s) ___1___
is $ __30.00__ each

Total VCCB Penalty  $ __30.00__

1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for **each** count. (Write in # times for each.)

___ 1st Degree @ $3000          ___ 4th Degree @ $750
___ 2nd Degree @ $2000        ___ Disorderly Persons or Petty
___ 3rd Degree @ $1000        ___ Disorderly Persons @ $500

Total D.E.D.R. Penalty  $ _____

☐ Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.

2) A mandatory driver's license suspension of _____ months is ORDERED forthwith.

Driver's License # _____          Eye Color _____

Date of Birth _____          License Surrendered: ☐ Yes ☐ No

☐ If the term of suspension is more than six (6) months, the Court will allow reinstatement by the Division of Motor Vehicles pursuant to the N.J.S.A 2C.35-16 if the defendant is not drug dependant.

Total FINE  $ _____

Total RESTITUTION  $ _____

3) A forensic laboratory fee of $50 per offense is ORDERED. ___ Offenses @ $50

Total LAB FEE  $ _____

☐ Installment payments are due at the rate of $ _____ per _____ , beginning _____
(DATE)

| NAME (Court Clerk or Person who prepared this form) | NAME (Attorney for Defendant at Sentencing) |
|---|---|
| LUCIE RACAMATO | ROBERT HOLLIS, ESQ. |

## STATEMENT OF REASONS

THE FOLLOWING AGGRAVATING CONSIDERATIONS WERE NOTED BY THE COURT:
THE RISK THAT THE DEFENDANT WILL COMMIT ANOTHER OFFENSE; THE DEFENDANT
HAS HAD MINOR INVOLMENT WITH THE CRIMINAL JUSTICE SYSTEM;
THE NEED TO DETER THIS DEFENDANT AND OTHERS FROM COMMITTING FUTURE
OFFENSES; THE DEFENDANT DID INFLUENCE A YOUNGER PERSON IN THE COMMISSION
OF THIS OFFENSE.
THE COURT NOTED THAT THERE WERE NO MITIGATING FACTORS CONCERNING THIS DEFENDANT

| JUDGE (Name) | JUDGE (Signature) | DATE |
|---|---|---|
| ANDREW P. NAPOLITANO, JSC | *Napolitano* | 1/27/89 |

CC  Chief Probation Officers

Dec. 12. 2019   3:06PM

# State of New Jersey

v.                                    V.O.P.

**CHARLES CORBISHLEY**

Defendant (Specify Complete Name)

New Jersey Superior Court

BERGEN    County

Law Division – Criminal

☐ **Judgment of Conviction**
☐ **Change of Judgment**
☐ **Order for Commitment**
☐ **Indictment/Accusation Dismissed**
☐ **Judgment of Acquittal**

| | |
|---|---|
| ████ | DATE OF BIRTH |
| 390991B | S.B.I. # |
| 11/2/87 | DATE OF ARREST |
| 2/16/88 | DATE IND / ACC FILED |
| 3/11/88 | DATE OF ORIGINAL PLEA |
| ☒ NOT GUILTY ☐ GUILTY | ORIGINAL PLEA |

ADJUDICATION BY:         DATE
☒ GUILTY PLEA            11/16/88
☐ JURY TRIAL
☐ NON-JURY TRIAL
☐ Dismissed/Acquitted

## ORIGINAL CHARGES

| IND / ACC No. | Count | Description | Degree | Status |
|---|---|---|---|---|
| S-230-88 | 1 | ARSON | | 2C:17-1(b)2 |
| | 2 | BURGLARY OF MOTOR VEHICLE | | 2C:18-2 |
| | 3 | AGGRAVATED ARSON | | 2C:17-1A2 |

## FINAL CHARGES

| Count | Description | Degree | Status |
|---|---|---|---|
| Ct. 1 | (AMENDED) FAILURE TO REPORT DANGEROUS FIRE | | 2C:17-1(c)2 |

1/27/89 Original Sentence

It is, therefore, on ___8/8/91 V.O.P.___ **ORDERED** and **ADJUDGED** that the defendant is sentenced as follows:

DEFENDANT RE-SENTENCED TO 2 YEARS PROBATION, EFFECTIVE TODAY.
DEFENDANT IS TO RECIEVE OUTPATIENT COUNSELING BY A PERSON LICENSED
TO DO SO AND WHO IS ACCEPTABLE TO PROBATION.  THIS PERSON IS TO
SUBMIT A WRITTEN REPORT TO PROBATION EVERY 60 DAYS.

150 HOURS COMMUNITY SERVICE-VACATED

☐ It is further **ORDERED** that the sheriff deliver the defendant to the appropriate correctional authority.

☐ Defendant is to receive credit for time spent in custody.

TOTAL NO. DAYS _____    DATES (From - To) _____

DATES (From - To) _____

Total Custodial Term _____   Institution _____   Total Probation Term _____

Administrative Office of the Courts
State Bureau of Identification

State of New Jersey v.   CHARLES CORBISHLEY    SBI # 390991B    IND. ACC # S-0230-88

Total FINE $ _____

Total RESTITUTION $ _____

If the offense occurred on or after January 9, 1986, a penalty of $30 is imposed on each count on which the defendant was convicted unless the box below indicates a higher penalty pursuant to N.J.S.A 2C.43-3.1. (Penalty is $25 if offense is before January 9, 1986, unless a higher penalty is noted.)

[X] Penalty imposed on count(s) 1

in $ 30.00 each.

Total VCCB Penalty $ 30.00

[ ] Installment payments are due at the rate of $ _____ per _____ beginning _____ (DATE)

If any of the offense occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C.

1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count (Write in $ times for each.)

| | | |
|---|---|---|
| ___ 1st Degree @ $3000 | | ___ 4th Degree @ $750 |
| ___ 2nd Degree @ $3000 | | ___ Disorderly Persons or Petty |
| ___ 3rd Degree @ $1000 | | ___ Disorderly Persons @ $500 |

           Total D.E.D.R. Penalty $ _____

[ ] Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.

2) A mandatory driver's license suspension of ___ to ___ months is ORDERED.

The suspension shall begin today, _____ and end _____.

Driver's License Number _____
(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)

Defendant's Address _____

Eye Color _____   Sex _____   Date of Birth _____

[ ] The defendant is the holder of an out-of-state driver's license from the following jurisdiction _____ Driver's license # _____

[ ] Your non-resident driving privileges are hereby revoked for _____ Months.

3) A forensic laboratory fee of $50 per offense is ORDERED.   Total LAB FEE $ _____

4) Name of Drugs Involved _____

| NAME (Court Clerk or Person who prepared this form) MARY ELLEN SMITH | TELEPHONE NUMBER 646-3580 | NAME (Attorney for Defendant at Sentencing) Robert Hollis, Esq. |
|---|---|---|

## STATEMENT OF REASONS

| JUDGE (Name) ANDREW P. NAPOLITANO, J.S.C. | JUDGE (Signature) [signature] Napolitano J.C. | DATE 8/8/91 |
|---|---|---|

Administrative Office of the Courts
State Bureau of Identification

COPIES TO: CHIEF PROBATION OFFICER, STATE POLICE, AOC CRIMINAL PRACTICE DIVISION, DEPT OF CORRECTIONS or COUNTY PENAL INSTITUTION

**State of New Jersey**                VIOLATION OF PROBATION         **New Jersey Superior Court**

                                                                      BERGEN          County

v.                                                                    **Law Division – Criminal**

CHARLES CORBISHLEY                              ☐ **Judgment of Conviction**
Defendant (Specify Complete Name)              ☐ **Change of Judgment**
                                               ☐ **Order for Commitment**
                                               ☐ **Indictment/Accusation Dismissed**
                                               ☐ **Judgment of Acquittal**

| | | |
|---|---|---|
| | **DATE OF BIRTH** | |
| 390991B | **S.B.I. #** | **ADJUDICATION BY:**   **DATE** |
| 11/2/87 | **DATE OF ARREST** | ☒ GUILTY PLEA   11/16/88 |
| 2/16/88 | **DATE IND / ACC FILED** | ☐ JURY TRIAL |
| 3/11/88 | **DATE OF ORIGINAL PLEA** | ☐ NON-JURY TRIAL |
| ☒ NOT GUILTY  ☐ GUILTY | **ORIGINAL PLEA** | ☐ Dismissed/Acquitted |

**ORIGINAL CHARGES**

| IND / ACC No. | Count | Description | Degree | Statute |
|---|---|---|---|---|
| S-230-88 | 1 | Arson | | 2C:17-1(b)2 |
| | 2 | Burglary of motor vehicle | | 2C:18-2 |
| | 3 | Aggr. Arson | | 2C:17-1A2 |

**FINAL CHARGES**

| Count | Description | Degree | Statute |
|---|---|---|---|
| Ct. 1 | (Amended) Failure to report dangerous fire | | 2C:17-1(c)2 |

1727/89 Original Sentence

It is, therefore, on   1/3/92*          **ORDERED** and **ADJUDGED** that the defendant is sentenced as follows:

\* MOTION BY DEFENDANT TO TERMINATE PROBATION GRANTED, DEFENDANT
  TERMINATED FROM PROBATION.

☐ It is further **ORDERED** that the sheriff deliver the defendant to the appropriate correctional authority.

   ☐ Defendant is to receive credit for time spent in custody.

                                                TOTAL NO. DAYS              DATES (From / To)

                                                                           DATES (From / To)

Total Custodial Term _____   Institution _____   Total Probation Term _____

Administrative Office of the Courts                                CR/PRB (Rev 11/88) Replaces LR-34 & LR-35
State Bureau of Identification                                     CDR-4 (Rev 11/88)

COPIES TO:   CHIEF PROBATION OFFICER, STATE POLICE, AOC CRIMINAL PRACTICE DIVISION, DEPT OF CORRECTIONS or COUNTY PENAL INSTITUTION

State of New Jersey v     CHARLES CORBISHLEY     SBI # 390931B     IND NCC #

| | |
|---|---|
| Total **FINE** $ _____ | If any of the offenses occurred <u>on or after</u> July 9, 1987, and or for a violation of Chapter 35 or 36 of Title 2C. |
| Total **RESTITUTION** $ _____ | 1) A mandatory Drug Enforcement and Demand Reduction (D E D R) penalty is imposed for <u>each</u> count (Write in # times for each.) |

1st Degree @ $3000     ___ 4th Degree @ $750
2nd Degree @ $2000     Disorderly Persons or Petty
3rd Degree @ $1000     Disorderly Persons @ $500

Total **D.E.D.R.** Penalty $ _____

If the offense occurred on or after January 9, 1988, a penalty of $30 is imposed on each count on which the defendant was convicted unless the box below indicates a higher penalty pursuant to N.J.S.A. 2C:43-3.1. (Penalty is $25 if offense is before January 9, 1986, unless a higher penalty is noted.)

☐ Court further ORDERS that collection of the D.E.D.R penalty be suspended upon defendant's entry into a residential drug program for the term of the program.

2) A mandatory driver's license suspension of _____ months is ORDERED

The suspension shall begin today, _____ and end _____

☐ Penalty imposed on count(s) _____

Driver's License Number _____
(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)

is $ _____ each

Defendant's Address _____

Total **VCCB** Penalty $ _____

Eye Color _____ Sex _____ Date of Birth _____

☐ The defendant is the holder of an out-of-state driver's license from the following jurisdiction _____ Driver's license # _____

☐ Installment payments are due at the rate of $ _____ per _____

☐ Your non-resident driving privileges are hereby revoked for _____ Months.

3) A forensic laboratory fee of $50 per offense is ORDERED. ___ Offense @ $50

beginning _____ (DATE)

Total **LAB FEE** $ _____

4) Name of Drugs Involved _____

| NAME (Court Clerk or Person who prepares this form) | TELEPHONE NUMBER | NAME (Attorney for Defendant at Sentencing) |
|---|---|---|
| Mary Ellen Smith | 201 646-3580 | Robert Hollis, Esq. |

## STATEMENT OF REASONS

THE COURT FINDS THAT THE DEFENDANT HAS BEEN BURDENED WITH PROBATION LONG ENOUGH GIVEN THE NATURE OF THE ORIGINAL OFFENSE, AND THAT FURTHER PROBATION WOULD BE FRUITLESS AND FRUSTRATING FOR BOTH THE DEFENDANT AND PROBATION DEPARTMENT.

| JUDGE (Name) | JUDGE (Sign) | DATE |
|---|---|---|
| HON. ANDREW P. NAPOLITANO, J.S.C. | *[signature]* | 23 Jan 92. |

Administrative Office of the Courts
State Bureau of Identification

CF9196 (Rev 11/89) Replaces LR-34 & LR-36
CDR x after 11/89)

COPIES TO:  CHIEF PROBATION OFFICER, STATE POLICE, AOC CRIMINAL PRACTICE DIVISION, DEPT OF CORRECTIONS or COUNTY PENAL INSTITUTION

DEFT. NAME *Charles Coughshley*                PLEA FORM

before JUDGE _____                 County *Bergen*

1. List the charges to which you are pleading guilty:

| Ind./Acc./Compl.Num. | Count | Nature of Offense and Degree | STATUTORY MAXIMUM Time | Fine | VCCB Penalty* |
|---|---|---|---|---|---|
| S-230-88 | 1 | as amended to MAX | 18 months | 7,500 w/ | $30% |
| | | 4th degree MAX | | | |
| | | 2C:17-1 c MAX | | | |
| | | MAX | | | |
| | | MAX | | | |

Your total exposure as a result of this plea is:   TOTAL  *18 mo*  *7,500*  *30.00*

PLEASE CIRCLE APPROPRIATE ANSWER.

2.  Are you satisfied with the advice you have received from your lawyer?   **(YES)**  [NO]

3.  Do you understand what the charges mean?   **(YES)**  [NO]

4.  Do you understand that by pleading guilty you are giving up certain rights?  Among them are:
    a:  The right to a jury trial in which the State must prove your guilt beyond a reasonable doubt?   **(YES)**  [NO]
    b.  The right to remain silent?   **(YES)**  [NO]
    c.  The right to confront the witnesses against you?   **(YES)**  [NO]

5.  Do you understand that if you plead guilty:
    a.  You will have a criminal record?   **(YES)**  [NO]
    b.  Unless the plea bargain provides otherwise, you could be sentenced to serve the maximum time in confinement, to pay the maximum fine and to pay the maximum VCCB penalty?   **(YES)**  [NO]
    c.  You must pay a minimum Violent Crimes Compensation penalty of $30 for each count to which you plead guilty?  ($25 if crime occurred before 1/9/86)   **(YES)**  [NO]

6.  Do you understand that the court could in its discretion impose a minimum time in confinement to be served before you become eligible for parole, which period could be as long as one half of the period of the custodial sentence imposed?   **(YES)**  [NO]

7.  Did you enter a plea of guilty to any charges that require a mandatory period of parole ineligibility or a mandatory extended term?   [YES]  **(NO)**

8.  Did you plead guilty to a crime that contains a presumption of imprisonment?   [YES]  **(NO)**

9.  Are you presently on probation or parole?   [YES]  **(NO)**
    a.  Do you realize that a guilty plea may result in a violation of your probation or parole?   [YES]  [NO]  **(N/A)**

10. Are you presently serving a custodial sentence on another charge?   [YES]  **(NO)**
    a.  Do you understand that a guilty plea may affect your parole eligibility?   [YES]  [NO]  **(N/A)**

11. List any charges the prosecutor has agreed to recommend for dismissal:

| Ind./Acc./Compl.# | Count | Nature of Offense and Degree |
|---|---|---|
| S-230-88 | 1 | 3rd degree arson |
| S-230-88 | 2 | burglary |

Defendant's Initials  *CC*

*Violent Crimes Compensation Board Penalty

12.  Specify any sentence the Prosecutor has agreed to recommend.

_None_

13.  Has the Prosecutor promised that he or she will NOT:
  a.  Speak at sentencing?                                    [YES]  [NO]  *No*
  b.  Seek an extended term of confinement?                   [YES]  [NO]  *No*
  c.  Seek a stipulation of parole ineligiblity?              [YES]  [NO]

14.  Are you aware that you may be ordered to pay restitution?  [YES]  [NO]

15.  Do you understand that if you are a public office holder or employee,
     you can be required to forfeit your office or job by virtue of
     your plea of guilty?                                     [YES]  [NO]  [N/A]

16.  Do you understand that if you are not a United States citizen or
     national, you may be deported by virtue of your plea of guilty?   [YES]  [NO]  [N/A]

17.  Have you discussed with your attorney the legal doctrine of merger?  [YES]  [NO]  [N/A]

18.  Are you reserving the right to assert merger with respect
     to counts to which you are pleading guilty?              [YES]  [NO]  [N/A]

19.  List any other promises or representations that have been made by
     you, the prosecutor, your defense attorney, or anyone else as a
     a part of this plea of guilty:

20.  Have any promises other than those mentioned on this form, or any
     threats, been made in order to cause you to plead guilty?    [YES]  [NO]

21.  Do you understand that the Judge is not bound by any promises or
     recommendations of the Prosecutor and that if the Judge decides to
     impose a more severe sentence than recommended by the Prosecutor, you
     may take back your plea of guilty and anything said by you in further-
     ance of this plea of guilty cannot be used against you at trial?    [YES]  [NO]

22.  Did you commit the offense(s) to which you are pleading guilty?    [YES]  [NO]

23.  Do you have any questions at all concerning this plea?    [YES]  [NO]

DATE: _11/16/88_ _____      _____
                                               Defendant

DEFENSE ATTORNEY _____

PROSECUTING ATTORNEY _____

EXHIBIT
C-1
NOV 16 1988
STEPHANIE

Administrative Office of the Courts
CN314 (14-88) Formerly AR-27

P.O.  2109-91
/lp
11/17/92
SUPERIOR COURT OF NEW JERSEY
BERGEN COUNTY - LAW DIVISION
NOVEMBER         TERM A.D. 1992
SECOND           STATED SESSION

THE STATE OF NEW JERSEY   :

          -vs-            :

CHARLES CORBISHLEY a/k/a  :     Indictment No. S-1661-92
Charles Corbishley, Jr.
                         :
          ██████████████  :

     DEFENDANT           :

_____

     The Grand Jurors of the State of New Jersey, for the
County of Bergen, upon their oaths present as a

                    FIRST COUNT

that CHARLES CORBISHLEY a/k/a Charles Corbishley, Jr. and ████
████████████████████████, on or about September 15,
1991, in the Borough of Fair Lawn, in the County of Bergen
aforesaid, and within the jurisdiction of this Court, did
knowingly or purposely possess a controlled dangerous substance,
or its analog, namely OXYCODONE; contrary to the provision of
NJS 2C:35-10a(1), and against the peace of this State, the
Government and dignity of the same.

                    SECOND COUNT

     AND the Grand Jurors aforesaid, upon their oaths aforesaid,
do further PRESENT that CHARLES CORBISHLEY a/k/a Charles
Corbishley, Jr. and ███████████████████████████, on
or about September 15, 1991, in the Borough of Fair Lawn, in the

County of Bergen aforesaid, and within the jurisdiction of this Court, did commit theft by knowingly receiving movable property of ███████████, with a value in excess of $500.00, knowing the same to be stolen or believing it had probably been stolen; contrary to the provisions of NJS 2C:20-7, and against the peace of this State, the Government and dignity of the same.

### THIRD COUNT

AND the Grand Jurors aforesaid, upon their oaths aforesaid, do further PRESENT that CHARLES CORBISHLEY a/k/a Charles Corbishley, Jr. and ████████████████████, on or about September 15, 1991, in the Borough of Fair Lawn, in the County of Bergen aforesaid, and within the jurisdiction of this Court, knowingly and unlawfully did possess a certain weapon, to wit: a pen knife under circumstances not manifestly appropriate for such lawful uses as it may have; contrary to the provisions of NJS 2C:39-5(d), and against the peace of this State, the Government and dignity of the same.

### FOURTH COUNT

AND the Grand Jurors aforesaid, upon their oaths aforesaid, do further PRESENT that CHARLES CORBISHLEY a/k/a Charles Corbishley, Jr. and ████████████████████, on or about September 15, 1991, in the Borough of Fair Lawn, in the County of Bergen aforesaid, and within the jurisdiction of this Court, knowingly any unlawfully did possess a certain weapon, to wit: a billy club, without any explainable lawful purpose; contrary to the provisions of NJS 2C:39-3(e), and against the peace of this State, the Government and dignity of the same.

**FIFTH COUNT**

AND the Grand Jurors aforesaid, upon their oaths aforesaid, do further PRESENT that CHARLES CORBISHLEY a/k/a Charles Corbishley, Jr. and ███████████████████████, on or about September 15, 1991, in the Borough of Fair Lawn, in the County of Bergen aforesaid, and within the jurisdiction of this Court, knowingly and unlawfully did possess a certain weapon, to wit: a folding knife under circumstances not manifestly appropriate for such lawful uses as it may have; contrary to the provisions of NJS 2C:39-5(d), and against the peace of this State, the Government and dignity of the same.

JOHN J. FAHY
BERGEN COUNTY PROSECUTOR

By:    Assistant Prosecutor

A True Bill

**State of New Jersey**

v.

CHARLES CORBISHLEY
Defendant (Specify Complete Name)

New Jersey Superior Court

_____Bergen_____ County

Law Division – Criminal

☒ **Judgment of Conviction**
☐ **Change of Judgment**
☐ **Order for Commitment**
☐ **Indictment/Accusation Dismissed**
☐ **Judgment of Acquittal**

| | |
|---|---|
| ███████ | DATE OF BIRTH |
| 39099113 | S.B.I. # |
| 9/15/91 | DATE OF ARREST |
| 11-17-92 | DATE IND / ACC FILED |
| 12-18-92 | DATE OF ORIGINAL PLEA |
| ☒ NOT GUILTY   ☐ GUILTY | ORIGINAL PLEA |

| ADJUDICATION BY: | DATE |
|---|---|
| ☒ GUILTY PLEA | 4/6/93 |
| ☐ JURY TRIAL | |
| ☐ NON-JURY TRIAL | |
| ☐ Dismissed/Acquitted | |

**ORIGINAL CHARGES**

| IND / ACC No. | Count | Description | Degree | Statute |
|---|---|---|---|---|
| S-1661-92-01 | 1 | Poss. CDS (oxycodone) | 3rd | 2C:35-10A1 |
| | 2 | Rec. Stolen Property | 3rd | 2C:20-7 |
| | 3&5 | Poss. Weapon (Knife) | 4th | 2C:39-50 |
| | 4 | Poss. Weapon (billy Club) | 4th | 2C:39-3E |

**FINAL CHARGES**

| Count | Description | Degree | Statute |
|---|---|---|---|
| 2 | Receiving Stolen Property | 3rd | 2C:20-7 |

It is, therefore, on ____JUNE 18, 1993____ ORDERED and ADJUDGED that the defendant is sentenced as follows:

Ct. 2: Placed on probation for a period of five (5) years.
    Cond. of Probation: Serve 364 days in the Bergen County Jail. This jail
                        sentence is to commence on JUNE 25, 1993.
        Upon Release: Obtain psychiatric treatment.
                      Obtain drug counseling.
                      Routine drug testing.
                      Remain gainfully employed.
This sentence is to run concurrent with the sentence imposed on
indictment S-1819-92-02.

Dismissed Cts. 1,3,4,5 and Complaint S421770 on States Motion.

☒ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

☒ Defendant is to receive credit for time spent in custody (R. 3:21-8).

| | TOTAL NO. DAYS | DATES (From / To) |
|---|---|---|
| | 2 | 9/15/91–9/16/91 |
| ☐ Defendant is to receive gap time credit for time spent in custody [N.J.S.A. 2C:44-5b(2)]. | TOTAL NO. DAYS | DATES (From / To) |

Total Custodial Term __364 days__ Institution __BCJ__    Total Probation Term __5 years__

**OVER**

Administrative Office of the Courts
State Bureau of Identification

CPS166 (Rev. 1/93) Replaces  LR-34 & LR-35
CDR-4 (Rev. 1/93)

COPIES TO:   CASE PROBATION OFFICER, STATE POLICE, ADC CRIMINAL PRACTICE DIVISION, DEPT OF CORRECTIONS or COUNTY PENAL INSTITUTION

State of New Jersey v. ___Charles Corbishley___ SBI # ___390961B___

| | |
|---|---|
| Total FINE $ _____ | |

Total RESTITUTION $ _____

If the offense occurred on or after December 23, 1991, an assessment of $50 is imposed on each count on which the defendant was convicted unless the box below indicates a higher assessment pursuant to N.J.S.A. 2C:43-3.1. (Assessment is $30 if offense is on or after January 9, 1986 but before December 23, 1991, unless a higher penalty is noted. Assessment is $25 if offense is before January 9, 1986.)

[X] Assessment imposed on
count(s) _____ 2 _____
is $ _30.00_ each.

Total VCCB Assessment $ _30.00_

[ ] Installment payments are due at the rate
of $ _____ per _____
beginning _____
(DATE)

If the offense occurred on or after February 1, 1993 and the sentence is to probation or to a State Correctional facility, a transaction fee of up to $1.00 is ordered for each occasion when a payment or installment payment is made. (P.L. 1992, c. 169)

If any of the offenses occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C:

1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count (Write in # x times for each.)
___ 1st Degree @ $3000   ___ 4th Degree @ $750
___ 2nd Degree @ $2000   ___ Disorderly Persons or Petty
___ 3rd Degree @ $1000   ___ Disorderly Persons @ $500
Total D.E.D.R. Penalty $ _____

[ ] Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.

2) A forensic laboratory fee of $50 per offense is ORDERED _____ Offenses @ $50.
Total LAB FEE $ _____

3) Name of Drugs involved _____

4) A mandatory driver's license suspension of _____ months is ORDERED
The suspension shall begin today, _____ and end _____
Driver's License Number _____
(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)
Defendant's Address _____
Eye Color _____ Sex _____ Date of Birth _____
[ ] The defendant is the holder of an out-of-state driver's license from the following jurisdiction _____ Driver's license # _____
[ ] Your non-resident driving privileges are hereby revoked for _____ Months.

| NAME (Court Clerk or Person who prepares this form) | TELEPHONE NUMBER | NAME (Attorney for Defendant at Sentencing) |
|---|---|---|
| RICHARD SCIOLARO, COURT CLERK | 646-3766 | Robert Hollis, Esq. |

## STATEMENT OF REASONS

Aggravating Factors:  3, 6, 9 & 11
Def. has several prior records consisting of 5 arrests and 3 convictions. One conviction has been pending appeal since 3/27/93.
Risk that def. will commit another offense.
Need to deter def. and others from committing the same offense in future.
Imposition of a fine, penalty or restitution without also imposing a term of imprisonment would be perceived by the def. or others merely as a cost of doing business or as an acceptable contingent business or operating expense associated with the initial decision to resort to unlawful practices.

Mitigating Factor:
Def's youth, might in part, have been a factor in his use of poor judgement.

| JUDGE (Name) | JUDGE (Signature) | DATE |
|---|---|---|
| ARTHUR MINUSKIN, J.S.C. | | 6/24/93 |

CP6168 (Rev 1-93) Replaces LR-31 & LR-35
CDR 4 (Rev 1/93)

Administrative Office of the Courts
State Bureau of Identification
COPIES TO:   CHIEF PROBATION OFFICER, STATE POLICE, AOC CRIMINAL PRACTICE DIVISION, DEPT OF CORRECTIONS or COUNTY PENAL INSTITUTION

## VIOLATION OF PROBATION

| State of New Jersey | New Jersey Superior Court Law Division - Criminal |
|---|---|

**v.**

**DEFENDANT:** (Specify Complete Name)   **CHARLES CORBISHLEY**

☒ JUDGMENT OF CONVICTION
☐ CHANGE OF JUDGMENT
☐ ORDER FOR COMMITMENT
☐ INDICTMENT / ACCUSATION DISMISSED
☐ JUDGMENT OF ACQUITTAL

**SBI NUMBER** 3900991B

**DATE OF ARREST** 7/16/92   **DATE INDICTMENT/ ACCUSATION FILED** 12/15/92

**DATE OF ORIGINAL PLEA** 1/8/93   **ORIGINAL PLEA** ☒ NG: GUILTY ☐ GUILTY

**ADJUDICATION BY** ☒ GUILTY PLEA  **DATE:**   ☐ JURY TRIAL  **DATE:**   ☐ NON-JURY TRIAL  **DATE:**   ☐ Dismissed/Acquitted  **DATE:**

### ORIGINAL CHARGES

| IND / ACC NO. | COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|---|
| S 1661-92-01 | | Violation of Probation | | |
| | Ct. 1 | Burglary | | 2C:18-2 |
| | Ct. 2 | Theft | | 2C:20-3 |

### FINAL CHARGES

| COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|
| Ct. 1 | Burglary | | |

*Dolores Enright C.C.*

It is, therefore, on ___11/8/96___ ORDERED and ADJUDGED that the defendant is sentenced as follows:

The Defendant is sentenced to the custody of the Commissioner of Corrections for a period of four years on Ct. 1, to run concurrent to sentence imposed for Indictment No. S1393-95-01, Ct. 1, S1819-92 96-01-13-1, .

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

| | | TOTAL NUMBER OF DAYS | DATE (From/To) |
|---|---|---|---|
| ☐ | Defendant is to receive credit for time spent in custody (R. 3:21-8). | | |
| ☐ | Defendant is to receive gap time credit for time spent in custody. (N.J.S.A. 2C:44-5b(2)). | | |

Total Custodial Term __4 years__ Institution __C.C.D.C.__ Total Probation Term _____

**OVER**

## VIOLATION OF PROBATION

State of New Jersey v. __CHARLES CORBISHLEY__     S.B.I. # _____   PID / ACC # __S 1661-92-01__

Total FINE $ _____

Total RESTITUTION $ _____

If the offense occurred on or after December 23, 1991, an assessment of $50 is imposed on each count on which the defendant was convicted unless the box below indicates a higher assessment pursuant to N.J.S.A. 2C:43-3.1. (Assessment is $30 if offense is on or after January 9, 1986 but before December 23, 1991, unless a higher penalty is noted. Assessment is $25 if offense is before January 9, 1986.)

☐ Assessment imposed on

count(s) _____

is $ _____ each.

Total VCCB Assessment $ _____

☐ Installment payments are due at the rate of

$ _____ per _____

beginning _____ (DATE)

If any of the offenses occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C.

1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count. (Write in # times for each.)

_____ 1st Degree @ $3000    _____ 4th Degree @ $750
_____ 2nd Degree @ $2000    _____ Disorderly Persons or Petty
_____ 3rd Degree @ $1000     Disorderly Persons @ $500

Total D.E.D.R. Penalty $ _____

☐ Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.

2) A forensic laboratory fee of $50 per offense is ORDERED. _____ Offenses @ $50.

Total Lab Fee $ _____

3) Name of Drugs involved _____

4) A mandatory driver's license suspension of _____ months is ORDERED.

The suspension shall begin today, _____ and end _____

Driver's License Number _____

(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)

Defendant's Address _____

Eye Color _____ Sex _____ Date of Birth _____

☐ The defendant is the holder of an out-of-state driver's license from the following

jurisdiction _____ Driver's License Number _____

☐ Defendant's non-resident driving privileges are hereby revoked for _____ Months.

If the offense occurred on or after February 1, 1993 and the sentence is to probation or to a State Correctional facility, a transaction fee of up to $1.00 is ordered for each occasion when a payment or installment payment is made. (P.L. 1992, c. 169)

If the offense occurred on or after August 2, 1993, a $75 Safe Neighborhood Services Fund assessment is ordered for each conviction. (P.L. 1993, c. 220)

If the offense occurred on or after January 5, 1994 and the sentence is to probation, a fee of up to $25 per month for the probationary term is ordered. (P.L. 1993, c. 275) Amount per month _____

| NAME (Court Clerk or Person preparing this form) | TELEPHONE NUMBER | NAME (Attorney for Defendant at Sentencing) |
|---|---|---|
| DOLORES ENRIGHT | 646 3580 | M. FEINSTEIN |

**STATEMENT OF REASONS**

AGGRAVATING FACTORS:

Risk that defendant will commit another offense.
Prior record and seriousness of prior offenses.
Need to deter defendant and others.
Imposition of a fine, penalty or order for restitution without also imposing a term of imprisonment would be perceived by the defendant or others merely as part of the cost of doing business, or as an acceptable contingent business of operating expense associated with the initial decision to resort to unlawful practices.

MITIGATING FACTORS:

Defendant's youth, might in part, have been a factor in his use of poor judgment.

| JUDGE (Name) | JUDGE (Signature) | DATE |
|---|---|---|
| Elijah L. Miller, J.S.C. | | 11/18/96 |

CPO185 (8/94)

Administrative Office of the Courts
State Bureau of Identification
COPIES TO: CHIEF PROBATION OFFICER    STATE POLICE    AOC CRIMINAL PRACTICE DIVISION    DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

AMENDED
## VIOLATION OF PROBATION

| State of New Jersey | New Jersey Superior Court Law Division - Criminal |
|---|---|

v.

**DEFENDANT:** (Specify Complete Name)   CHARLES CORBISHLEY

☒ JUDGMENT OF CONVICTION
☐ CHANGE OF JUDGMENT
☐ ORDER FOR COMMITMENT
☐ INDICTMENT / ACCUSATION DISMISSED
☐ JUDGMENT OF ACQUITTAL

| DATE | ▮▮▮▮ | SBI NUMBER | 3900991B |
|---|---|---|---|
| DATE OF ARREST | 7/16/92 | DATE INDICTMENT/ ACCUSATION FILED | 12/15/92 |
| DATE OF ORIGINAL PLEA | 1/8/93 | ORIGINAL PLEA | ☒ NOT GUILTY   ☐ GUILTY |

**ADJUDICATION BY**

☒ GUILTY PLEA   DATE:          ☐ NON-JURY TRIAL   DATE:
☐ JURY TRIAL   DATE:          ☐ Dismissed/Acquitted   DATE:

### ORIGINAL CHARGES

| IND / ACC NO. | COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|---|
| S 1661-92-01 | | Violation of Probation | | |
| 2109-91 | Ct. 1 | Burglary | 2C:18-2 | |
| | Ct. 2 | Theft | 2C:20-3 | |

### FINAL CHARGES

| COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|
| Ct. 1 | Burglary | | |

*Dolores Conroy C C*

It is, therefore, on ___7/1/98___ ORDERED and ADJUDGED that the defendant is sentenced as follows:

The Defendant is sentenced to the custody of the Commissioner of Corrections for a period of four years on Ct. 1, to run concurrent to sentence imposed for Indictment No. S1393-95-01, Ct. 1, S-1819-93 96-01-13-1, .

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

| | TOTAL NUMBER OF DAYS | DATE (From/To) |
|---|---|---|
| ☐ Defendant is to receive credit for time spent in custody (R. 3:21-8). | | DATE (From/To) |
| ☐ Defendant is to receive gap time credit for time spent in custody. (N.J.S.A. 2C:44-5b(2)). | TOTAL NUMBER OF DAYS | DATE (From/To) |

Total Custodial Term_____   Institution_____   Total Probation Term_____

Administrative Office of the Courts
State Bureau of Identification
COPIES TO:  CHIEF PROBATION OFFICER     STATE POLICE     AOC CRIMINAL PRACTICE DIVISION     DEPT OF CORRECTIONS OR COUNTY PE...



# VIOLATION OF PROBATION

State of New Jersey v. __CHARLES CORBISHLEY__   S.B.I. #_____   IND / ACC # __S 1661-92-01__

| | |
|---|---|
| Total FINE $_____ | If any of the offenses occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C. |
| Total RESTITUTION $_____ | 1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count. (Write in # times for each.) |

If the offense occurred on or after December 23, 1991, an assessment of $50 is imposed on each count on which the defendant was convicted unless the box below indicates a higher assessment pursuant to N.J.S.A. 2C:43-3.1. (Assessment is $30 if offense is on or after January 9, 1986 but before December 23, 1991, unless a higher penalty is noted. Assessment is $25 if offense is before January 9, 1986.)

☐ Assessment imposed on

count(s)_____

is $_____ each.

Total VCCB Assessment  $_____

☐ Installment payments are due at the rate of

$_____ per_____

beginning _____
      (DATE)

___1st Degree  @ $3000      ___4th Degree  @ $750
___2nd Degree  @ $2000      ___Disorderly Persons or Petty
___3rd Degree  @ $1000      ___Disorderly Persons  @ $500

Total D.E.D.R. Penalty $_____

☐ Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon

defendant's entry into a residential drug program for the term of the program.

2) A forensic laboratory fee of $50 per offense is ORDERED. _____Offenses @ $50.

Total Lab Fee $_____

3) Name of Drugs involved _____

4) A mandatory driver's license suspension of_____months is ORDERED.

The suspension shall begin today._____and end_____

Driver's License Number _____

(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)

Defendant's Address _____

Eye Color _____ Sex _____ Date of Birth _____

☐ The defendant is the holder of an out-of-state driver's license from the following

jurisdiction _____ Driver's License Number _____

☐ Defendant's non-resident driving privileges are hereby revoked for_____Months.

If the offense occurred on or after February 1, 1993 and the sentence is to probation or to a State Correctional facility, a transaction fee of up to $1.00 is ordered for each occasion when a payment or installment payment is made. (P.L. 1992, c. 169)

If the offense occurred on or after August 2, 1993, a $75 Safe Neighborhood Services Fund assessment is ordered for each conviction. (P.L. 1993, c. 220)

If the offense occurred on or after January 5, 1994 and the sentence is to probation, a fee of up to $25 per month for the probationary term is ordered. (P.L. 1993, c. 275) Amount per month _____

| NAME (Court Clerk or Person preparing this form) | TELEPHONE NUMBER | NAME (Attorney for Defendant at Sentencing) |
|---|---|---|
| DOLORES ENRIGHT | 646 3580 | M. FEINSTEIN |

**STATEMENT OF REASONS**

AGGRAVATING FACTORS:

Risk that defendant will commit another offense.
Prior record and seriousness of prior offenses.
Need to deter defendant and others.
Imposition of a fine, penalty or order for restitution without also imposing a term of improsnment would be perceived by the defendant or others merely as part of the cost of doing business, or as an acceptable contingent business of operating expense associated with the initial decision to resort to unlawful practices.

MITIGATING FACTORS:

Defendant's youth, might in part, have been a factor in his use of poor judgment.

| JUDGE (Name) | JUDGE (Signature) | DATE |
|---|---|---|
| Elijah L. Miller, J.S.C. | _[signature]_ | 9/1/98 |

CPO166 (8/94)

Administrative Office of the Courts
Reproduction of Identification
COPIES TO: CHIEF PROBATION OFFICER      STATE POLICE      AOC CRIMINAL PRACTICE DIVISION      DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

P.O.  1610-92
      /lp
12/15/92
SUPERIOR COURT OF NEW JERSEY
BERGEN COUNTY - LAW DIVISION
NOVEMBER      TERM A.D. 1992
SECOND        STATED SESSION


THE STATE OF NEW JERSEY    :

      -vs-                  :

      ███████████          :        Indictment No.

CHARLES CORBISHLEY         :        S-1819-92

      DEFENDANT            :

---

The Grand Jurors of the State of New Jersey, for the
County of Bergen, upon their oaths present as a

### FIRST COUNT

that ███████████ and CHARLES CORBISHLEY, on or about July 12,
1992, in the Township of Teaneck, in the County of Bergen
aforesaid, and within the jurisdiction of this Court, did
unlawfully enter the structure of ████████████████████
████████████████████, with the purpose to commit an
offense therein; contrary to the provisions of NJS 2C:18-2, and
against the peace of this State, the Government and dignity of
the same.

### SECOND COUNT

AND the Grand Jurors aforesaid, upon their oaths aforesaid,
do further PRESENT that ███████████ and CHARLES CORBISHLEY, on
or about July 12, 1992, in the Township of Teaneck, in the County
of Bergen aforesaid, and within the jurisdiction of this Court,

did unlawfully take or exercise unlawful control over movable
property of, or in the custody and control of ██████████
███████, with a value in excess of $500.00 with purpose to
deprive the owner thereof; contrary to the provisions of
NJS 2C:20-3, and against the peace of this State, the Government
and dignity of the same.

THIRD COUNT

    AND the Grand Jurors aforesaid, upon their oaths aforesaid,
do further PRESENT that ████████████, on or about July 12, 1992,
in the Township of Teaneck, in the County of Bergen aforesaid,
and within the jurisdiction of this Court, did purposely prevent
a law enforcement officer, to wit: █████████████████ of the
Bergen County Police Department from effecting a lawful arrest by
using or threatening to use physical force or violence against
██████████████████, or by using any other means to create a
substantial risk of causing physical injury to ████████████
██████ or another; contrary to the provisions of NJS 2C:29-2(a),
and against the peace of this State, the Government and dignity
of the same.

                         JOHN J. FAHY
                         BERGEN COUNTY PROSECUTOR

                    By: _____
                         Assistant Prosecutor

A True Bill

**State of New Jersey**

v.

Charles Corbishley
Defendant (Specify Complete Name)

**New Jersey Superior Court**

___Bergen___ County
Law Division – Criminal

[X] **Judgment of Conviction**
[ ] **Change of Judgment**
[ ] **Order for Commitment**
[ ] **Indictment/Accusation Dismissed**
[ ] **Judgment of Acquittal**

| | |
|---|---|
| | DATE OF BIRTH |
| 390991B | S.B.I. # |
| 7/16/92 | DATE OF ARREST |
| 12/15/92 | DATE IND / ACC FILED |
| 1/8/93 | DATE OF ORIGINAL PLEA |
| [X] NOT GUILTY  [ ] GUILTY | ORIGINAL PLEA |

ADJUDICATION BY:        DATE
[X] GUILTY PLEA           4/6/93
[ ] JURY TRIAL
[ ] NON-JURY TRIAL
[ ] Dismissed/Acquitted

**ORIGINAL CHARGES**

| IND / ACC No. | Count | Description | Degree | Statute |
|---|---|---|---|---|
| S-1819-92-02 | 1 | Burglary | 3rd | 2C:18-2 |
| | 2 | Theft | 3rd | 2C:20-3 |
| | 3 | Not Applicable | | |

**FINAL CHARGES**

| Count | Description | Degree | Statute |
|---|---|---|---|
| 1 | Burglary | 3rd | 2C:18-2 |

It is, therefore, on ___JUNE 18,1993___ **ORDERED** and **ADJUDGED** that the defendant is sentenced as follows:

Ct. 1: Placed on probation for a period of five (5) years.
     Cond. of Probation: Serve 364 days in the Bergen County Jail. This jail
                  term is to commence on JUNE 25,1993.
       Upon Release: Obtain psychiatric treatment.
                 Obtain drug counseling.
                 Routine drug testing.
                 Remain gainfully employed.

This sentence is to run concurrent with the sentence imposed on
indictment S-1661-92-01.

    Dismissed Ct. 2 on States Motion.

[ ] It is further **ORDERED** that the sheriff deliver the defendant to the appropriate correctional authority.

    [ ] Defendant is to receive credit for time spent in custody (R. 3:21-8).    0      DATES (From / To)
                                                TOTAL NO DAYS

                                                DATES (From / To)

    [ ] Defendant is to receive gap time credit for time spent in custody (N.J.S.A. 2C:44-5b(2)).      TOTAL NO DAYS    DATES (From / To)

Total Custodial Term ___364 days___ Institution ___BCJ___    Total Probation Term ___5 years___

*OVER*

State of New Jersey v. __Charles Corbishley__ S B i # __39099lB__   IND  ACC # __S-1819-92-02__

| | |
|---|---|
| Total **FINE**   $ _____ | If any of the offenses occurred _on or after_ July 9.1987, and is for a violation of Chapter 35 or 36 of Title 2C. |
| Total **RESTITUTION**   $ _____ | 1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for _each_ count. (Write in # times for each.) |

If the offense occurred on or after December 23, 1991, an assessment of $50 is imposed on each count on which the defendant was convicted unless the box below indicates a higher assessment pursuant to N.J.S.A. 2C:43-3.1. (Assessment is $30 if offense is on or after January 9. 1986 but before December 23, 1991, unless a higher penalty is noted.  Assessment is $25 if offense is before January 9, 1986.)

____ 1st Degree @ $3000      ____ 4th Degree @ $750
____ 2nd Degree @ $2000     ____ Disorderly Persons or Petty
____ 3rd Degree @ $1000      ____ Disorderly Persons @ $500
                        Total **D.E.D.R.** Penalty $ _____

☐ Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.

[X] Assessment imposed on

count(s) __1__

is $ __50.00__ each.

Total **VCCB** Assessment  $__50.00__

2) A forensic laboratory fee of $50 per offense is ORDERED _____ Offenses @ $50.
                        Total **LAB FEE**    $ _____

3) Name of Drugs Involved _____

4) A mandatory driver's license suspension of _____ months is ORDERED.

The suspension shall begin today _____ and end _____

Driver's License Number _____

(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)
Defendant's Address _____
Eye Color _____ Sex _____ Date of Birth _____

☐ Installment payments are due at the rate

of $ _____ per _____

beginning _____
                  (DATE)

☐ The defendant is the holder of an out-of-state driver's license from the following jurisdiction _____  Driver's license # _____

☐ Your non-resident driving privileges are hereby revoked for _____ Months.

If the offense occurred on or after February 1, 1983 and the sentence is to probation or to a State Correctional facility, a transaction fee of up to $1.00 is ordered for each occasion when a payment or installment payment is made. (P.L. 1982, c. 169)

| NAME (Court Clerk or Person who prepares this form)   **RICHARD SCIOLARO, COURT CLERK** | TELEPHONE NUMBER   646-3766 | NAME (Attorney for Defendant at Sentencing)   Robert Hollis, Esq. |
|---|---|---|

### STATEMENT OF REASONS

The aggravating and mitigating factors are the same as those imposed on indictment S-1661-92-01.

| JUDGE (Name)   **ARTHUR MINUSKIN, J.S.C.** | JUDGE (Signature) | DATE   6/24/93 |
|---|---|---|

Administrative Office of the Courts
State Bureau of Identification

COPIES TO:   CHIEF PROBATION OFFICER, STATE POLICE, AOC CRIMINAL PRACTICE DIVISION, DEPT OF CORRECTIONS or COUNTY PENAL INSTITUTION

CP0106 (Rev  1-93) Replaces LR-34 & LR-35
CDR 4 (Rev  1-93)

VIOLATION OF PROBATION

| State of New Jersey | **New Jersey Superior Court** |
| --- | --- |
| v. | **Law Division - Criminal** |

CHARLES CORBISHLEY

DEFENDANT:
(Specify Complete Name)

☒ JUDGMENT OF CONVICTION
☐ CHANGE OF JUDGMENT
☐ ORDER FOR COMMITMENT
☐ INDICTMENT / ACCUSATION DISMISSED
☐ JUDGMENT OF ACQUITTAL

SBI NUMBER
**390991B**

DATE OF ARREST
**7/16/92**

DATE INDICTMENT/
ACCUSATION FILED **12/15/92**

DATE OF
ORIGINAL PLEA **1/8/93**

ORIGINAL PLEA
☒ NOT GUILTY   ☐ GUILTY

ADJUDICATION BY

☒ GUILTY PLEA   DATE:        ☐ NON-JURY TRIAL   DATE:
☐ JURY TRIAL   DATE:        ☐ Dismissed/Acquitted   DATE:

## ORIGINAL CHARGES

| IND / ACC NO. | COUNT | DESCRIPTION | DEGREE | STATUTE |
| --- | --- | --- | --- | --- |
| S 1819-92-02 | CT. 1 | BURGLARY | 3rd deg. | 2C:18-2 |
| | CT. 2 | THEFT | 3rd deg. | 2C:20-3 |

## FINAL CHARGES

| COUNT | DESCRIPTION | DEGREE | STATUTE |
| --- | --- | --- | --- |
| CT. 1 | BURGLARY | | |

*Dolores Wright C.C.* 

It is, therefore, on __11/8/96__ ORDERED and ADJUDGED that the defendant is sentenced as follows:

Defendant is sentenced to the custody of the Commissioner of Corrections for four years-Ct. 1, concurrent to sentence imposed for Indictment No. S 1393-95-01,  S 0013-96-01 and S 1661-92-01.

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

| | TOTAL NUMBER OF DAYS | DATE (From/To) |
| --- | --- | --- |
| ☐ Defendant is to receive credit for time spent in custody (R. 3:21-8). | | DATE (From/To) |
| ☐ Defendant is to receive gap time credit for time spent in custody. (N.J.S.A. 2C:44-5b(2)). | TOTAL NUMBER OF DAYS | DATE (From/To) |

Total Custodial Term __4 years__ Institution __C.C.D.C.__   Total Probation Term_____

Administrative Office of the Courts
State Bureau of Identification
COPIES TO: CHIEF PROBATION OFFICER     STATE POLICE     AOC CRIMINAL PRACTICE DIVISION     DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

CPO186 (8/94)

**OVER**

State of New Jersey      SBI #      IND / ACC # S 1819-93-01

Total FINE   $ _____

Total RESTITUTION   $ _____

If the offense occurred on or after December 23, 1991, an assessment of $50 is imposed on each count on which the defendant was convicted unless the box below indicates a higher assessment pursuant to N.J.S.A. 2C:43-3.1. (Assessment is $30 if offense is on or after January 9, 1986 but before December 23, 1991, unless a higher penalty is noted. Assessment is $25 if offense is before January 9, 1986.)

☐ Assessment imposed on

     count(s) _____

     is $ _____ each.

Total VCCB Assessment   $ _____

☐ Installment payments are due at the rate of

     $ _____ per _____

     beginning _____
             (DATE)

If any of the offenses occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C.

1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count. (Write in # times for each.)

___ 1st Degree   @ $3000     ___ 4th Degree   @ $750
___ 2nd Degree   @ $2000     ___ Disorderly Persons or Petty
___ 3rd Degree   @ $1000     Disorderly Persons   @ $500

Total D.E.D.R. Penalty   $ _____

☐ Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.

2) A forensic laboratory fee of $50 per offense is ORDERED. _____ Offenses @ $50.

Total Lab Fee   $ _____

3) Name of Drugs Involved _____

4) A mandatory driver's license suspension of _____ months is ORDERED.

     The suspension shall begin today, _____ and end _____

     Driver's License Number _____

     (IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)

     Defendant's Address _____

     Eye Color _____ Sex _____ Date of Birth _____

☐ The defendant is the holder of an out-of-state driver's license from the following jurisdiction _____ Driver's License Number _____

☐ Defendant's non-resident driving privileges are hereby revoked for _____ Months.

If the offense occurred on or after February 1, 1993 and the sentence is to probation or to a State Correctional facility, a transaction fee of up to $1.00 is ordered for each occasion when a payment or installment payment is made. (P.L. 1993, c. 169)

If the offense occurred on or after August 2, 1993, a $75 Safe Neighborhood Services Fund assessment is ordered for each conviction. (P.L. 1993, c. 220)

If the offense occurred on or after January 5, 1994 and the sentence is to probation, a fee of up to $25 per month for the probationary term is ordered. (P.L. 1993, c. 275) Amount per month $ _____

| NAME (Court Clerk or Person preparing this form) DOLORES ENRIGHT | TELEPHONE NUMBER 646 3580 | NAME (Attorney for Defendant at Sentencing) M. FEINSTEIN |
|---|---|---|

## STATEMENT OF REASONS

AGGRAVATING FACTORS:

Defendant has several prior records consisting of 5 arrest and 3 convictions. One conviction has been pending appeal since 3/27/93.
Risk that defendant will commit another offense.
Need to deter defendant and others from committing the same offense in future.
Imposition of a fine, penalty or restitution without also imposing a term of imprisonment would be perceived by the defendant or others merely as a cost of doing business or as an acceptable contingent business or operating expense associated with the initial decision to resort to unlawful practices.
MITIGATING FACTORS:
Defendant's youth, might in part, have been a factor in his use of poor judgment.

| JUDGE (Name) Elijah L. Miller, J.S.C. | JUDGE (Signature) | DATE 11/17/96 |
|---|---|---|

Administrative Office of the Courts
State Bureau of Identification
COPIES TO: CHIEF PROBATION OFFICER     STATE POLICE     AOC CRIMINAL PRACTICE DIVISION     DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

CPG166 (8/94)

VIOLATION OF PROBATION

| State of New Jersey | New Jersey Superior Court |
|---|---|
| v. | Law Division - Criminal |

**DEFENDANT:** (Specify Complete Name)
CHARLES CORBISHLEY

☒ JUDGMENT OF CONVICTION

☐ CHANGE OF JUDGMENT

☐ ORDER FOR COMMITMENT

☐ INDICTMENT / ACCUSATION DISMISSED

☐ JUDGMENT OF ACQUITTAL

**DATE OF BIRTH**

**SBI NUMBER** 390991B

**DATE OF ARREST** 7/16/92

**DATE INDICTMENT/ ACCUSATION FILED** 12/15/92

**DATE OF ORIGINAL PLEA** 1/8/93

**ORIGINAL PLEA** ☒ NOT GUILTY ☐ GUILTY

**ADJUDICATION BY**

☒ GUILTY PLEA   DATE:

☐ JURY TRIAL   DATE:

☐ NON-JURY TRIAL   DATE:

☐ Dismissed/Acquitted   DATE:

**ORIGINAL CHARGES**

| IND / ACC NO. | COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|---|
| S 1819-92-02 | CT. 1 | BURGLARY | 3rd deg. | 2C:18-2 |
|  | CT. 2 | THEFT | 3rd deg. | 2C:20-3 |

**FINAL CHARGES**

| COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|
| CT. 1 | BURGLARY |  |  |

It is, therefore, on 7/1/98 ORDERED and ADJUDGED that the defendant is sentenced as follows:

Defendant is sentenced to the custody of the Commissioner of Corrections for four years-Ct. 1, concurrent to sentence imposed for Indictment No. S 1393-95-01, S 0013-96-01 and S 1661-92-01.

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

| | | | **TOTAL NUMBER OF DAYS** | **DATE (From/To)** |
|---|---|---|---|---|
| ☐ | Defendant is to receive credit for time spent in custody (R. 3:21-8). | | | |
| ☐ | Defendant is to receive gap time credit for time spent in custody. (N.J.S.A. 2C:44-5b(2)). | | **TOTAL NUMBER OF DAYS** | **DATE (From/To)** |

Total Custodial Term_____ Institution_____ Total Probation Term_____

Administrative Office of the Courts
State Bureau of Identification
COPIES TO: CHIEF PROBATION OFFICER   STATE POLICE   AOC CRIMINAL PRACTICE DIVISION   DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

CPD106 (8/84)



CHARLES CORBISHLEY

State of New Jersey

IND / ACC # S 1819-93-01

| Total FINE $_____ |
| Total RESTITUTION $_____ |

If any of the offenses occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C.

1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count. (Write in # times for each.)

☐ If the offense occurred on or after December 23, 1991, an assessment of $50 is imposed on each count on which the defendant was convicted unless the box below indicates a higher assessment pursuant to N.J.S.A. 2C:43-3.1. (Assessment is $30 if offense is on or after January 9, 1985 but before December 23, 1991, unless a higher penalty is noted. Assessment is $25 if offense is before January 9, 1986.)

_____ 1st Degree @ $3000      _____ 4th Degree @ $750
_____ 2nd Degree @ $2000      _____ Disorderly Persons or Petty
_____ 3rd Degree @ $1000      _____ Disorderly Persons @ $500

Total D.E.D.R. Penalty $_____

☐ Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.

2) A forensic laboratory fee of $50 per offense is ORDERED. _____ Offenses @ $50.

☐ Assessment imposed on

count(s)_____

is $_____ each.

Total VCCB Assessment $_____

Total Lab Fee $_____

3) Name of Drugs involved _____

4) A mandatory driver's license suspension of_____ months is ORDERED.

The suspension shall begin today, _____ and end_____

Driver's License Number _____

☐ Installment payments are due at the rate of

$_____ per _____

beginning _____
                (DATE)

(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)

Defendant's Address _____

Eye Color _____ Sex _____ Date of Birth _____

☐ The defendant is the holder of an out-of-state driver's license from the following jurisdiction _____ Driver's License Number _____

☐ Defendant's non-resident driving privileges are hereby revoked for_____ Months.

If the offense occurred on or after February 1, 1993 and the sentence is to probation or to a State Correctional facility, a transaction fee of up to $1.00 is ordered for each occasion when a payment or installment payment is made. (P.L. 1992, c. 169)

If the offense occurred on or after August 2, 1993, a $75 Safe Neighborhood Services Fund assessment is ordered for each conviction. (P.L. 1993, c. 220)

If the offense occurred on or after January 5, 1994 and the sentence is to probation, a fee of up to $25 per month for the probationary term is ordered. (P.L. 1993, c. 275) Amount per month _____

| NAME (Court Clerk or Person preparing this form) | TELEPHONE NUMBER | NAME (Attorney for Defendant at Sentencing) |
|---|---|---|
| DOLORES ENRIGHT | 646 3580 | M. FEINSTEIN |

**STATEMENT OF REASONS**

AGGRAVATING FACTORS:

Defendant has several prior records consisting of 5 arrest and 3 convictions. One conviction has been pending appeal since 3/27/93.
Risk that defendant will commit another offense.
Need to deter defendant and others from committing the same offense in future.
Imposition of a fine, penalty or restitution without also imposing a term of imprisonment would be perceived by the defendant or others merely as a cost of doing business or as an acceptable contingent business or operating expense associated with the initial decision to resort to unlawful practices.
MITIGATING FACTORS:
Defendant's youth, might in part, have been a factor in his use of poor judgment.

| JUDGE (Name) | JUDGE (Signature) | DATE |
|---|---|---|
| Elijah L. Miller, J.S.C. | | 9/1/98 |

Administrative Office of the Courts
State Bureau of Identification
COPIES TO: CHIEF PROBATION OFFICER      STATE POLICE      AOC CRIMINAL PRACTICE DIVISION      DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

CPO106 (6/94)

AMENDED     VIOLATION OF PROBATION

| State of New Jersey | New Jersey Superior Court |
|---|---|
| | Law Division - Criminal |

v.

DEFENDANT:
(Legally Complete Name)   **CHARLES CORBISHLEY**

DATE OF BIRTH:

SBI NUMBER   **390991B**

| ☒ | JUDGMENT OF CONVICTION |
| ☐ | CHANGE OF JUDGMENT |
| ☐ | ORDER FOR COMMITMENT |
| ☐ | INDICTMENT / ACCUSATION DISMISSED |
| ☐ | JUDGMENT OF ACQUITTAL |

DATE OF ARREST
**7/16/92**

DATE INDICTMENT/
ACCUSATION FILED **12/15/92**

DATE OF
ORIGINAL PLEA **1/8/93**

ORIGINAL PLEA
☒ NOT GUILTY  ☐ GUILTY

**ADJUDICATION BY**

☒ GUILTY PLEA     DATE:          ☐ NON-JURY TRIAL     DATE:
☐ JURY TRIAL       DATE:          ☐ Dismissed/Acquitted DATE:

**ORIGINAL CHARGES**

| IND / ACC NO. | COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|---|
| S 1819-92-02 | CT. 1 | BURGLARY | 3rd deg. | 2C:18-2 |
| | CT. 2 | THEFT | 3rd deg. | 2C:20-3 |

**FINAL CHARGES**

| COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|
| CT. 1 | BURGLARY | | |

It is, therefore, on ___03/04/99___ ORDERED and ADJUDGED that the defendant is sentenced as follows:

Defendant is sentenced to the custody of the Commissioner of Corrections
for four years-Ct. 1, concurrent to sentence imposed for Indictment
No. S 1393-95-01,  S 0013-96-01 and S 1661-92-01.

☐  It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

| ☐ | Defendant is to receive credit for time spent in custody (R. 3:21-8). | TOTAL NUMBER OF DAYS | DATE (From/To) |
| | | | DATE (From/To) |
| ☐ | Defendant is to receive gap time credit for time spent in custody. (N.J.S.A. 2C:44-5b(2)). | TOTAL NUMBER OF DAYS | DATE (From/To) |

Total Custodial Term __4 years__ Institution __C.C.D.C.__  Total Probation Term_____

Administrative Office of the Courts
State Bureau of Identification
COPIES TO: CHIEF PROBATION OFFICER     STATE POLICE     AOC CRIMINAL PRACTICE DIVISION     DEPT OF CORRECTIONS OR ___ INSTITUTION



State of New Jersey v. CHARLES CORBISHLEY                    S.B.I. #                  IND'ACC #    2019-99-01

| | |
|---|---|
| Total FINE  $ _____ | If any of the offenses occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C. |
| Total RESTITUTION  $ _____ | 1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count. (Write in # times for each.) |

If the offense occurred on or after December 23, 1991, an assessment of $50 is imposed on each count on which the defendant was convicted unless the box below indicates a higher assessment pursuant to N.J.S.A. 2C:43-3.1. (Assessment is $30 if offense is on or after January 9, 1986 but before December 23, 1991, unless a higher penalty is noted. Assessment is $25 if offense is before January 9, 1986.)

☐ Assessment imposed on

count(s) _____

is $ _____ each.

Total VCCB Assessment  $ _____

☐ Installment payments are due at the rate of

$ _____ per _____

beginning _____
                    (DATE)

___ 1st Degree  @ $3000      ___ 4th Degree   @ $750
___ 2nd Degree  @ $2000      ___ Disorderly Persons or Petty
___ 3rd Degree  @ $1000      ___ Disorderly Persons  @ $500

                              Total D.E.D.R. Penalty  $ _____

☐ Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon

defendant's entry into a residential drug program for the term of the program.

2) A forensic laboratory fee of $50 per offense is ORDERED. _____ Offense @ $50.

                              Total Lab Fee  $ _____

3) Name of Drugs Involved _____

4) A mandatory driver's license suspension of _____ months is ORDERED.

The suspension shall begin today, _____ and end _____

Driver's License Number _____

(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)

Defendant's Address _____

Eye Color _____ Sex _____ Date of Birth _____

☐ The defendant is the holder of an out-of-state driver's license from the following

jurisdiction _____ Driver's License Number _____

☐ Defendant's non-resident driving privileges are hereby revoked for _____ Months.

If the offense occurred on or after February 1, 1993 and the sentence is to probation or to a State Correctional facility, a transaction fee of up to $1.00 is ordered for each occasion when a payment or installment payment is made. (P.L. 1992, c. 169)

If the offense occurred on or after August 2, 1993, a $75 Safe Neighborhood Services Fund assessment is ordered for each conviction. (P.L. 1993, c. 220)

If the offense occurred on or after January 5, 1994 and the sentence is to probation, a fee of up to $25 per month for the probationary term is ordered. (P.L. 1993, c. 275) Amount per month _____

| NAME (Court Clerk or Person preparing this form) | TELEPHONE NUMBER | NAME (Attorney for Defendant at Sentencing) |
|---|---|---|
| DOLORES ENRIGHT | 646 3580 | M. FEINSTEIN |

**STATEMENT OF REASONS**

AGGRAVATING FACTORS:

Defendant has several prior records consisting of 5 arrest and 3 convictions.  One conviction has been pending appeal since 3/27/93.
Risk that defendant will commit another offense.
Need to deter defendant and others from committing the same offense in future.
Imposition of a fine, penalty or restitution without also imposing a term of imprisonment would be perceived by the defendant or others merely as a cost of doing business or as an acceptable contingent business or operating expense associated with the initial decision to resort to unlawful practices.

MITIGATING FACTORS:

Defendant's youth, might in part, have been a factor in his use of poor judgment.

| JUDGE (Name) | JUDGE (Signature) | DATE |
|---|---|---|
| Elijah L. Miller, J.S.C. | [signature] | 03/04/99 |

Administrative Office of the Courts
State Bureau of Identification
COPIES TO: CHIEF PROBATION OFFICER     STATE POLICE     AOC CRIMINAL PRACTICE DIVISION     DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

CPO198 (6/94)

VIOLATION OF PROBATION

| State of New Jersey | New Jersey Superior Court |
|---|---|
| v. | Law Division - Criminal |

**DEFENDANT** (Specify Complete Name): CHARLES CORRISHLEY

| | |
|---|---|
| DATE OF BIRTH ▮▮▮▮ | SBI NUMBER 390991B |
| DATE OF ARREST 7/16/92 | DATE INDICTMENT/ ACCUSATION FILED 12/15/92 |
| DATE OF ORIGINAL PLEA 1/8/93 | ORIGINAL PLEA ☒ NOT GUILTY ☐ GUILTY |

- ☒ JUDGMENT OF CONVICTION
- ☐ CHANGE OF JUDGMENT
- ☐ ORDER FOR COMMITMENT
- ☐ INDICTMENT / ACCUSATION DISMISSED
- ☐ JUDGMENT OF ACQUITTAL

**ADJUDICATION BY**

- ☒ GUILTY PLEA   DATE:
- ☐ JURY TRIAL   DATE:
- ☐ NON-JURY TRIAL   DATE:
- ☐ Dismissed/Acquitted   DATE:

## ORIGINAL CHARGES

| IND / ACC NO | COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|---|
| S-1819-92-02 | 1 | BURGLARY | 3RD | 2C:18-2 |
| | 2 | THEFT | 3RD | 2C:20-3 |

## FINAL CHARGES

| COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|
| 1 | BURGLARY | 3RD | 2C:18-2 |

It is, therefore, on   4/7/00   ORDERED and ADJUDGED that the defendant is sentenced as follows:

VOP   PROBATION IS HEREBY TERMINATED MONIES TO BE TURNED OVER TO APPROPRIATE UNIT, DEFENDANT IS SENTENCED TO 100 DAYS IN BERGEN COUNTY JAIL WITH TIME SERVED.

- ☐ You are hereby sentenced to community supervision for life.
- ☐ The court finds that your conduct was characterized by a pattern of repetitive and compulsive behavior.

- ☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

| | | TOTAL NUMBER OF DAYS | DATE (From/To) |
|---|---|---|---|
| ☐ | Defendant is to receive credit for time spent in custody (R. 3:21-8). | | DATE (From/To) |
| ☐ | Defendant is to receive gap time credit for time spent in custody (N.J.S.A. 2C:44-5b(2)). | TOTAL NUMBER OF DAYS | DATE (From/To) |

Total Custodial Term _____   Institution _____   Total Probation Term _____

Administrative Office of the Courts
State Bureau of Identification
COPIES TO:   CHIEF PROBATION OFFICER   STATE POLICE   AOC CRIMINAL PRACTICE DIVISION   DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

CPO106 (rev. 1/97)

State of New Jersey v. ___CHARLES CORBISHLEY___   S.B.I. # 390991B   IND / ACC # S-1819-92-02

| | |
|---|---|
| Total FINE $ _____ | If any of the offenses occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C. |
| Total RESTITUTION $ _____ | 1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count. (Write in # times fo. each.) |

If the offense occurred on or after December 23, 1991, an assessment of $50 is imposed on each count on which the defendant was convicted unless the box below indicates a higher assessment pursuant to N.J.S.A. 2C:43-3.1. (Assessment is $30 if offense is on or after January 9, 1996 but before December 23, 1991, unless a higher penalty is noted. Assessment is $25 if offense is before January 9, 1986.)

  ___ 1st Degree   @ $3000     ___ 4th Degree @ $750
  ___ 2nd Degree   @ $2000     ___ Disorderly Persons or Petty
  ___ 3rd Degree   @ $1000     ___ Disorderly Persons @ $500

Total D.E.D.R. Penalty   $ _____

☐ Assessment imposed on

  counts(s) _____

  is $ _____ each.

Total VCCB Assessment $ _____

☐ Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.

2) A forensic laboratory fee of $50 per offense is ORDERED. _____ Offenses @ $50.

Total Lab Fee   $ _____

3) Name of Drugs involved _____

4) A mandatory driver's license suspension of _____ months is ORDERED.

  The suspension shall begin today, _____ and end _____

  Driver's License Number _____

☐ Installment payments are due at the rate of

  $ _____ per _____

  beginning _____ (DATE)

(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)

  Defendant's Address _____

  Eye Color _____ Sex _____ Date of Birth _____

☐ The defendant is the holder of an out-of-state driver's license from the following jurisdiction _____ Driver's License Number _____

☐ Defendant's non-resident driving privileges are hereby revoked for _____ Months.

If the offense occurred on or after February 1, 1993 but was before March 13, 1995 and the sentence is to probation or to a state correctional facility, a transaction fee of up to $1.00 is ordered for each occasion when a payment or installment payment is made. (P.L. 1992, c. 169). If the offense occurred on or after March 13, 1995 and the sentence is ordered to probation, or the sentence otherwise requires payments of financial obligations to the probation division, a transaction fee of up to $2.00 is ordered for each occasion when a payment is made. (P.L. 1995, c. 9).

If the offense occurred on or after August 2, 1993, a $75 Safe Neighborhood Services Fund assessment is ordered for each conviction. P.L. 1993, c. 220

If the offense occurred on or after January 5, 1994 and the sentence is to probation, a fee of up to $25 per month for the probationary term is ordered. (P.L. 1993, c. 275) Amount per month $ _____

If the crime occurred on or after January 9, 1997, a $30 Law Enforcement Officers Training and Equipment Fund penalty is ordered.

| NAME (Court Clerk or Person preparing this form) | TELEPHONE NUMBER | NAME (Attorney for Defendant at Sentencing) |
|---|---|---|
| ELYSE RAMPOLLA-GRIECO | 646-3340 | RAY FLOOD, ESQ. |

STATEMENT OF REASONS

VOP

| JUDGE (Name) | JUDGE (Signature) | DATE |
|---|---|---|
| EUGENE H. AUSTIN, J.S.C. | Eugene H. Austin | 4/7/00 |

Administrative Office of the Courts
State Bureau of Identification                                               CP0106 (rev. 1/97)
COPIES TO:   CHIEF PROBATION OFFICER      STATE POLICE      AOC CRIMINAL PRACTICE DIVISION      DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

P.O.   295-95
/nd
11/13/95
SUPERIOR COURT OF NEW JERSEY
BERGEN COUNTY - LAW DIVISION
NOVEMBER    TERM A.D. 1995
SECOND      STATED SESSION

THE STATE OF NEW JERSEY   :

    -vs-   :

                         :

CHARLES CORBISHLEY   :     Indictment No.

                         :     *S·1393·95*

                            *95-11-1393-2*

DEFENDANT   :

_____

    The Grand Jurors of the State of New Jersey, for the
County of Bergen, upon their oaths present as a

### FIRST COUNT
### (First Degree)

that CHARLES CORBISHLEY, on or about February 3, 1995, in the
City of Hackensack, in the County of Bergen aforesaid, and within
the jurisdiction of this Court, did knowingly or purposely
possess a controlled dangerous substance, or its analog, namely,
COCAINE, a derivative of coca leaves, in a quantity of five
ounces or more, including any adulterants or dilutants, with the
intent to distribute the same; contrary to the provisions of
NJS 2C:35-5a(1) and NJS 2C:35-5b(1) and against the peace of this
State, the Government and dignity of the same.

### SECOND COUNT
### (Third Degree)

    AND the Grand Jurors aforesaid, upon their oaths aforesaid,
do further PRESENT that CHARLES CORBISHLEY, on or about February

3, 1995, in the City of Hackensack, in the County of Bergen aforesaid, and within the jurisdiction of this Court, did violate NJS 2C:35-5a by knowingly or purposely possessing a controlled dangerous substance, namely, COCAINE or its analog, with the intent to distribute same, and did so while on school property used for school purposes which is owned by or leased to an elementary or secondary school or school board, or while within 1,000 feet of any school property or school bus, or while on any school bus, specifically, Fairmount School, Fairmount and Grand Avenues; contrary to the provisions of NJS 2C:35-7, and against the peace of this State, the Government and dignity of the same.

## THIRD COUNT
### (Third Degree)

AND the Grand Jurors aforesaid, upon their oaths aforesaid, do further PRESENT that CHARLES CORBISHLEY, on or about February 3, 1995, in the City of Hackensack, in the County of Bergen aforesaid, and within the jurisdiction of this Court, did knowingly or purposely possess a controlled dangerous substance, or its analog, namely, COCAINE; contrary to the provisions of NJS 2C:35-10a(1), and against the peace of this State, the Government and dignity of the same.

## FOURTH COUNT
### (Fourth Degree)

AND the Grand Jurors aforesaid, upon their oaths aforesaid, do further PRESENT that CHARLES CORBISHLEY, on or about February 3, 1995, in the City of Hackensack, in the County of Bergen aforesaid, and within the jurisdiction of this Court, did possess

a certain weapon, to wit: an imitation firearm under circumstances that would lead an observer to reasonably believe that it was possessed for an unlawful purpose; contrary to the provision NJS 2C:39-4e, and against the peace of this State, the Government and dignity of the same.

### FIFTH COUNT
(Fourth Degree)

AND the Grand Jurors aforesaid, upon their oaths aforesaid, do further PRESENT that CHARLES CORBISHLEY, on or about February 3, 1995, in the City of Hackensack, in the County of Bergen aforesaid, and within the jurisdiction of this Court, did purposely prevent a law enforcement officer, to wit: ███████ ████████████ of the Hackensack Police Department from effecting a lawful arrest by using or threatening to use physical force or violence against ████████████████ , or by using any other means to create a substantial risk of causing physical injury to ██████████████████ or another; contrary to the provisions of NJS 2C:29-2a, and against the peace of this State, the Government and dignity of the same.

### SIXTH COUNT
(Fourth Degree)

AND the Grand Jurors aforesaid, upon their oaths aforesaid, do further PRESENT that CHARLES CORBISHLEY, on or about February 3, 1995, in the City of Hackensack, in the County of Bergen aforesaid, and within the jurisdiction of this Court, did take or obtain a Bell Atlantic IQ credit card in the name of ████████████ , and/or AT & T calling card, in the name of ████████████ , and/or Discover Credit card, in the name of ████████████ , and/or

American Express Corporate card, in the name of ████. ████████████████, and/or Macy's and Sears credit cards, in the name of ████████████ and/or Citibank Visa, in the name of ████████, without the cardholder's consent or, with knowledge that they had been so taken, did receive the credit cards with intent to use them or to sell them or to transfer them to a person other than the issuer or the cardholder; contrary to the provisions of NJS 2C:21-6c, and against the peace of this State, the Government and dignity of the same.

CHARLES R. BUCKLEY
DEPUTY ATTORNEY GENERAL-IN CHARGE
ACTING BERGEN COUNTY PROSECUTOR

*Robert C. Scrivo*

Robert C. Scrivo
By:    Special Deputy Attorney General
       Acting Assistant Prosecutor

A True Bill

| State of New Jersey | New Jersey Superior Court |
|---|---|
| v. | Law Division - Criminal |

DEFENDANT (Specify Complete Name)  **CHARLES CORBISHLEY**

☑ JUDGMENT OF CONVICTION
☐ CHANGE OF JUDGMENT
☐ ORDER FOR COMMITMENT
☐ INDICTMENT / ACCUSATION DISMISSED
☐ JUDGMENT OF ACQUITTAL

DATE OF BIRTH ▮
SBI NUMBER 07601
DATE OF ARREST 2-3-95
DATE INDICTMENT/ACCUSATION FILED: 11-13-95
DATE OF ORIGINAL PLEA 1-22-96
ORIGINAL PLEA ☑ NOT GUILTY ☐ GUILTY

ADJUDICATION BY
☑ GUILTY PLEA   DATE 7-8-96
☐ JURY TRIAL   DATE
☐ NON-JURY TRIAL   DATE:
☐ Dismissed/Acquitted   DATE:

**ORIGINAL CHARGES**

| IND / ACC NO | COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|---|
| S 1393-95-01 | CT. 1 | POSS CDS (COCAINE W/INT. DIST. | | 2C:35-5b(1) |
| | CT. 2 | POSS CDS W/INT.DIST.WITHIN 1000 FT. SCHOOL | | |
| | CT. 3 | POSS COCAINE | | |
| | CT. 4 | POSS OF A WEAPON | | |
| | 5 | RESISTING ARREST | | |
| | CT. 6 | CREDIT CARD FRAUD | | |

**FINAL CHARGES**

| COUNT | DESCRIPTION |
|---|---|
| CT. 1 | |

It is, therefore, on 11-8-96 ORDERED and ADJUDGED that the defendant is sentenced as follows:

CT.1 THE DEFENDANT IS SENTENCED TO THE CUSTODY OF THE COMMISSIONER OF CORRECTIONS FOR A PERIOD OF TWELVE YEARS WITH A FOUR YEAR PAROLE INELIGIBILITY CONCURRENT WITH S 99k3096,S1661-92,S1818-93. THE DEFENDANT MUST PAY A 75 S.S.C.P.

CTS. 2,3,5,6,7 S 625171,W830181,W122255 DISMISSED ON STATE'S MOTION

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

☑ Defendant is to receive credit for time spent in custody (R. 3:21-8).   TOTAL NUMBER OF DAYS 21 days   DATE (From/To) 2-3-95 2-24-95

☐ Defendant is to receive gap time credit for time spent in custody. (N.J.S.A. 2C:44-5b(2)).   TOTAL NUMBER OF DAYS   DATE (From/To)

Total Custodial Term 12 yrs   Institution CUST.COMM.CORR.   Total Probation Term

Administrative Office of the Courts
State Bureau of Identification
COPIES TO: CHIEF PROBATION OFFICER   STATE POLICE   AOC CRIMINAL PRACTICE DIVISION   DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

State of New Jersey v.   **CHARLES CORBISHLEY**   S.B.I. # _____   IND / ACC # __ S 1393-95-01

Total FINE  $ _____

Total RESTITUTION  $ _____

If the offense occurred on or after December 23, 1991, an assessment of $50 is imposed on each count on which the defendant was convicted unless the box below indicates a higher assessment pursuant to N.J.S.A. 2C:43-3.1. (Assessment is $30 if offense is on or after January 9, 1986 but before December 23, 1991, unless a higher penalty is noted. Assessment is $25 if offense is before January 9, 1986.)

[X] Assessment imposed on

count(s) ___1___

is $ ____50____ each.

Total VCCB Assessment  $ ___50___

[ ] Installment payments are due at the rate of

$ _____ por _____

beginning _____
           (DATE)

If any of the offenses occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C,

1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count. (Write in # times for each.)

____ 1st Degree  @ $3000     ____ 4th Degree  @ $750
____ 2nd Degree  @ $2000     ____ Disorderly Persons or Petty
_X_ 3rd Degree  @ $1000           Disorderly Persons  @ $500

Total D.E.D.R. Penalty $ ____1000____

[ ] Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon

defendant's entry into a residential drug program for the term of the program.

2) A forensic laboratory fee of $50 per offense is ORDERED. _X_____ Offenses @ $50.

Total Lab Fee  $ ____50____

3) Name of Drugs involved  **COCAINE**

4) A mandatory driver's license suspension of __12__ months is ORDERED. The suspension shall begin today, __11-8-96__ and end __11-8-97__

Driver's License Number _____

(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)

Defendant's Address ████████████████

Eye Color _____ Sex _____ Date of Birth _____

[ ] The defendant is the holder of an out-of-state driver's license from the following

jurisdiction _____ Driver's License Number _____

[ ] Defendant's non-resident driving privileges are hereby revoked for _____ Months.

If the offense occurred on or after February 1, 1993 and the sentence is to probation or to a State Correctional facility, a transaction fee of up to $1.00 is ordered for each occasion when a payment or installment payment is made. (P.L. 1992, c. 169)

If the offense occurred on or after August 2, 1993, a $75 Safe Neighborhood Services Fund assessment is ordered for each conviction. (P.L. 1993, c. 220)

If the offense occurred on or after January 5, 1994 and the sentence is to probation, a fee of up to $25 per month for the probationary term is ordered. (P.L. 1993, c. 275) Amount per month _____

| NAME (Court Clerk or Person preparing this form) | TELEPHONE NUMBER | NAME (Attorney for Defendant at Sentencing) |
|---|---|---|
| DOLORES ENRIGHT | 646 3580 | MILES FEINSTEIN 1135 CLIFTON AV CLIFTON 07011 |

**STATEMENT OF REASONS**

AGGRAVATING FACTORS:

Risk that defendant will commit another offense.
Prior record and seriousness of prior offenses.
Need to deter defendant and others.
Imposition of a fine, penalty or order for restitution without also imposing a term of imprisonment would be perceived by the defendant or others merely as part of the cost of doing business, or as an acceptable contingent business of operating expense associated with the initial decision to resort to unlawful practices.

Mitigating Factors:
Imprisonment would entail excessive hardship to defendant or dependants.
Defendant's youth, might in part, have been a factor in his use of poor judgment.

| JUDGE (Name) | JUDGE (Signature) | DATE |
|---|---|---|
| ELIJAH MILLER J.S.C. | [signature] | 11-18-96 |

Administrative Office of the Courts
State Bureau of Identification
COPIES TO: CHIEF PROBATION OFFICER    STATE POLICE    AOC CRIMINAL PRACTICE DIVISION    DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

CP0148 (4/94)

| State of New Jersey | New Jersey Superior Court |
|---|---|
| **v.** | **Law Division - Criminal** |
| **CHARLES CORBISHLEY** | |

**DEFENDANT** (Specify Complete Name)

| DATE OF BIRTH | | SBI NUMBER | |
|---|---|---|---|

☒ **JUDGMENT OF CONVICTION**

| DATE OF ARREST 2/3/95 | DATE INDICTMENT/ ACCUSATION FILED 11/13/95 |
|---|---|

☐ **CHANGE OF JUDGMENT**

☐ **ORDER FOR COMMITMENT**

| DATE OF ORIGINAL PLEA 7/8/96 | ORIGINAL PLEA ☐ NOT GUILTY  ☒ GUILTY |
|---|---|

☐ **INDICTMENT / ACCUSATION DISMISSED**

☐ **JUDGMENT OF ACQUITTAL**

**ADJUDICATION BY**

☒ GUILTY PLEA  DATE 7/8/96  ☐ NON-JURY TRIAL

☐ JURY TRIAL  DATE  ☐ Dismissed/Acquitted

**ORIGINAL CHARGES**

| IND / ACC NO | COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|---|
| 95-11-1393-I | CT. 1 | POSS. CDS (COCAINE) W/INTENT TO DIST. | | 2C:35-5a(1) |

CT.2 POSS. CDS W/INTENT TO DIST. W/IN 1,000 FT. OF SCHOOL ZONE
CT3  POSS. OF CDS (COCAINE)
CT.4 POSS. OF A WEAPON.
CT.5 resisting arrest. CT.6 CREDIT CARD FRAUD

**FINAL CHARGES**   RECONSIDERATION OF SENTENCE

| COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|
| 1. | POSS. CDS W/INTENT OT DIST. | | 2C:35-5a(1) |

It is, therefore, on ___7/1//98___  **ORDERED and ADJUDGED** that the defendant is sentenced as follows:

NEW SENTENCE- 10 YEARS D.O.C WITH A 40 MONTH PAROLE DISQUALIFIER.

☐ You are hereby sentenced to community supervision for life.

☐ The court finds that your conduct was characterized by a pattern of repetitive and compulsive behavior.

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

| ☒ Defendant is to receive credit for time spent in custody (R. 3:21-8). | TOTAL NUMBER OF DAYS 395 | DATE (From/To) |
|---|---|---|
| ☐ Defendant is to receive gap time credit for time spent in custody (N.J.S.A. 2C:44-5b(2)). | TOTAL NUMBER OF DAYS | DATE (From/To) |

OVER

Total Custodial Term _____  Institution _____  Total Probation Term _____

State of New Jersey v.   CHARLES CORBISHLEY       S.B.I. #          IND / ACC #    95-11-1393-I

Total FINE $ _____

Total RESTITUTION $ _____

If the offense occurred on or after December 23, 1991, an assessment of $50 is imposed on each count on which the defendant was convicted unless the box below indicates a higher assessment pursuant to N.J.S.A. 2C:43-3.1. (Assessment is $30 if offense is on or after January 9, 1986 but before December 23, 1991, unless a higher penalty is noted. Assessment is $25 if offense is before January 9, 1986.)

☐ Assessment imposed on

count(s) _____

is $ _____ each.

Total VCCB Assessment $ _____

☐ Installment payments are due at the rate of

$ _____ per _____

beginning _____
                (DATE)

If any of the offenses occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C.

1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count. (Write in # times for each.)

☐ 1st Degree @ $3000     ☐ 4th Degree @ $750
☐ 2nd Degree @ $2000     ☐ Disorderly Persons or Petty
☐ 3rd Degree @ $1000     ☐ Disorderly Persons @ $500

Total D.E.D.R. Penalty $ _____

☐ Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program

2) A forensic laboratory fee of $50 per offense is ORDERED. _____ Offense @ $50.

Total Lab Fee $ _____

3) Name of Drugs involved _____

4) A mandatory driver's license suspension of _____ months is ORDERED.

The suspension shall begin today, _____ and and _____

Driver's License Number _____

IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING:

Defendant's Address _____

Eye Color _____ Sex _____ Date of Birth _____

☐ The defendant is the holder of an out-of-state driver's license from the following jurisdiction _____ Driver's License Number _____

☐ Defendant's non-resident driving privileges are hereby revoked for _____ Months.

If the offense occurred on or after February 1, 1993 but was before March 13, 1995 and the sentence is to probation or to a state correctional facility, a transaction fee of up to $1.00 is ordered for each occasion when a payment or installment payment is made. (P.L. 1992, c. 169). If the offense occurred on or after March 13, 1995 and the sentence is to probation, or the sentence otherwise requires payments of financial obligations to the probation division, a transaction fee of up to $2.00 is ordered for each occasion when a payment is made. (P.L. 1995, c. 9).

If the offense occurred on or after August 2, 1993, a $75 Safe Neighborhood Services Fund assessment is ordered for each conviction. P.L. 1993, c. 220

If the offense occurred on or after January 5, 1994 and the sentence is to probation, a fee of up to $25 per month for the probationary term is ordered. (P.L. 1993, c. 275) Amount per month $ _____

If the crime occurred on or after January 9, 1997, a $30 Law Enforcement Officers Training and Equipment Fund penalty is ordered.

| NAME (Court Clerk or Person preparing this form)  CHAD MALLOY | TELEPHONE NUMBER | NAME (Attorney for Defendant at Sentencing)  NILES FEINSTEIN |

STATEMENT OF REASONS

SEE INDICTMENT S-1819-92-02

| JUDGE (Name)  ELIJAH L. MILLER JR. J.S.C. | JUDGE (Signature) | DATE  9/1/98 |

Administrative Office of the Courts
State Bureau of Identification
COPIES TO   CHIEF PROBATION OFFICER     STATE POLICE     AOC CRIMINAL PRACTICE DIVISION     DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

CP0105 (rev. 1/97)

AMENDED JOC

| State of New Jersey | New Jersey Superior Court Law Division - Criminal |

v.

CHARLES CORBISHLEY

☒ JUDGMENT OF CONVICTION
☐ CHANGE OF JUDGMENT
☐ ORDER FOR COMMITMENT
☐ INDICTMENT / ACCUSATION DISMISSED
☐ JUDGMENT OF ACQUITTAL

DEFENDANT (Specify Complete Name)

DATE OF BIRTH

SB NUMBER

DATE OF ARREST 2/3/95

DATE INDICTMENT/ACCUSATION FILED 11/13/95

DATE OF ORIGINAL PLEA 7/8/96

ORIGINAL PLEA  ☐ NOT GUILTY  ☒ GUILTY

ADJUDICATION BY:
☒ GUILTY PLEA  DATE 7/8/96
☐ JURY TRIAL  DATE:
☐ NON-JURY TRIAL
☐

**ORIGINAL CHARGES**

| IND / ACC NO | COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|---|
| 95-11-1393-I | CT. 1 | POSS. CDS (COCAINE) W/INTENT TO DIST. | | 2C:35-5a(1) |

CT.2 POSS. CDS W/INTENT TO DIST. W/IN 1,000 FT. OF SCHOOL ZONE
CT3  POSS. OF CDS (COCAINE)
CT.4 POSS. OF A WEAPON.
CT.5 resisting arrest. CT.6 CREDIT CARD FRAUD

**FINAL CHARGES**  RECONSIDERATION OF SENTENCE

| COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|
| 1. | POSS. CDS W/INTENT OT DIST. | | 2C:35-5a(1) |

It is therefore on  03/04/99   ORDERED and ADJUDGED that the defendant is sentenced as follows:

NEW SENTENCE- 10 YEARS D.O.C WITH A 40 MONTH PAROLE DISQUALIFIER.

☐ You are hereby sentenced to community supervision for life.

☐ The court finds that your conduct was characterized by a pattern of repetitive and compulsive behavior.

☒ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

| | TOTAL NUMBER OF DAYS | DATE From/To |
|---|---|---|
| XX Defendant is to receive credit for time spent in custody (R. 2:21-8). | 1,240* | 10/10/95 to 3/4/99 |
| ☐ Defendant is to receive gap time credit for time spent in custody (N.J.S.A. 2C:44-5b(2)). | | |

Total Custodial Term ___   Institution ___   Total Probation Term ___

* Defendant is currently incarsarated and is entitled to any further jail credit from th
day forth. 3/4/99

State of New Jersey v   CHARLES CORDASHLEY    S.B.I. #              IND / ACC #    99-11-1991-I

| | |
|---|---|
| Total FINE | $ _____ |
| Total RESTITUTION | $ _____ |

If the offense occurred on or after December 22, 1991, an assessment of $50 is imposed on each count on which the defendant was convicted unless the $80 below indicates a higher assessment pursuant to N.J.S.A. 2C 43-3.1. (Assessment is $30 if offense is on or after January 9, 1986 but before December 22, 1991, unless a higher penalty is noted. Assessment is $25 if offense is before January 9, 1986.)

☐ Assessment imposed on

count(s) _____

is $ _____ each.

Total VCCS Assessment $ _____

☐ Installment payments are due at the rate of

$ _____ or

beginning _____
(DATE)

If new of the offense occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C.

11) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count. (Write in # times for each.)

| | | | |
|---|---|---|---|
| ☐ 1st Degree | @ $3000 | ☐ 4th Degree | @ $750 |
| ☐ 2nd Degree | @ $2000 | ☐ Disorderly Persons or Petty | |
| ☐ 3rd Degree | @ $1000 | Disorderly Persons | @ $500 |

Total D.E.D.R. Penalty   $ _____

☐ Court further ORDERS that payment of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.

2) A forensic laboratory fee of $50 per offense is ORDERED. _____ Offenses @ $50.

Total Lab Fee $ _____

3) Name of Drugs involved _____

4) A mandatory driver's license suspension of _____ months is ORDERED.

The suspension shall begin today. _____ and end _____

Driver's License Number _____

If THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.

Defendant's Address _____

Eye Color _____ . Sex _____ Date of Birth _____

☐ The defendant is the holder of an out-of-state driver's license from the following jurisdiction _____ Driver's License Number _____

☐ Defendant's non-resident driving privileges are hereby revoked for _____ Months.

If the offense occurred on or after February 1, 1993 but was before March 13, 1995 and the sentence is to probation or to a state correctional facility, a transaction fee of $1.00 is ordered for each occasion when a payment or installment payment is made. (P.L. 1992, c. 189). If the offense occurred on or after March 13, 1995 and the sentence is to probation or the sentence other than required payment of financial obligation to the probation division, a transaction fee of up to $2.00 is ordered for each occasion when a payment is made. (P.L. 1995, c. ).

If the offense occurred on or after August 2, 1993, a $75 Safe Neighborhood Services Fund assessment is ordered for each conviction. P.L. 1993, c. 220

If the offense occurred on or after January 9, 1994 and the sentence is to probation, a fee of up to $25 per month for the probationary term is ordered. (P.L. 1993, c. 275) Amount per month _____

If the crime occurred on or after January 9, 1997, a $30 Law Enforcement Officers Training and Equipment Fund penalty is ordered.

| NAME (Court Clerk or Person entering this form) | TELEPHONE NUMBER | NAME (Attorney for Defendant) |
|---|---|---|
| CHAD MALLOY | | MILES FEINSTEIN |

**STATEMENT OF REASONS**

SEE INDICTMENT I'S-1819-92-02

| JUDGE (Name) | JUDGE (Signature) | | DATE |
|---|---|---|---|
| ELIJAH L. MILLER JR. J.S.C. | | | 03/04/99 |

Administrative Office of the Courts
State Bureau of Identification
COPIES TO   CHIEF PROBATION OFFICER     STATE POLICE     SBI CRIMINAL PRACTICE DIVISION     DEP'T OF CORRECTIONS OR COUNTY PENAL INSTITUTION

CR9190 (Rev 1/97)

P.O.  2388-95
/nd
1\18\96
SUPERIOR COURT OF NEW JERSEY
BERGEN COUNTY - LAW DIVISION
NOVEMBER       TERM A.D. 1995
SECOND       STATED SESSION

THE STATE OF NEW JERSEY          :

        -vs-                     :

CHARLES H. CORBISHLEY            :          Indictment No.

        DEFENDANT               :          S - 0013 - 96
                                           96-01-00322

_____
                (Third Degree)

        The Grand Jurors of the State of New Jersey, for the County

of Bergen, upon their oaths present that

        ███████████ and CHARLES H. CORBISHLEY

on or about 10th day of October, 1995, in the City of Hackensack,

in the County of Bergen aforesaid, and within the jurisdiction of

this Court, or in some other municipality and County within the

jurisdiction of this Court, did commit theft by knowingly

receiving movable property of ████████████, with a value in

excess of $500.00, knowing the same to be stolen or believing it

had probably been stolen; contrary to the provisions of

NJS 2C:20-7, and against the peace of this State, the Government

and dignity of the same.

                        CHARLES R. BUCKLEY
                        DEPUTY ATTORNEY GENERAL-IN CHARGE
                        ACTING BERGEN COUNTY PROSECUTOR

                By:     _____
                        Special Deputy Attorney General
                        Acting Assistant Prosecutor

A True Bill

State of New Jersey

v.

CHARLES CORRISHLEY

**New Jersey Superior Court**
**Law Division - Criminal**

☒ JUDGMENT OF CONVICTION
☐ CHANGE OF JUDGMENT
☐ ORDER FOR COMMITMENT
☐ INDICTMENT / ACCUSATION DISMISSED
☐ JUDGMENT OF ACQUITTAL

DEFENDANT (Specify Complete Name)

SBI NUMBER: 390991 B

DATE OF ARREST: 10/10/95

DATE INDICTMENT/ACCUSATION FILED: 1/18/96

DATE OF ORIGINAL PLEA: 3/18/96    ORIGINAL PLEA  ☒ NOT GUILTY  ☐ GUILTY

ADJUDICATION BY:
☒ GUILTY PLEA    DATE:
☐ JURY TRIAL    DATE:
☐ NON-JURY TRIAL    DATE:
☐ DISMISSAL/ACQUITTAL    DATE:

**ORIGINAL CHARGES**

| IND / ACC NO | COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|---|
| 96-01-13-1 | | RECEIVING STOLEN PROPERTY | | 2C:20-7 |

**FINAL CHARGES**

| COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|
| | | | |

*Idoms longt C.C*

It is, therefore, on ___11/8/96___ ORDERED and ADJUDGED that the defendant is sentenced as follows:

The Defendant is sentenced to the custody of the Commissioner of
Corrections for a period of four years to run concurrent to
Indictment No.s: S 1393-95-01, S 1661-92-01 and S 1818-93.
Defendant must pay $75.00 S.S.C.P.

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

☒ Defendant is to receive credit for time spent in custody (R. 3:21-8)    TOTAL NUMBER OF DAYS  395 days    DATE FROM 10/10/95 TO 11/8/96

☐ Defendant is to receive gap time credit for time spent in custody (N.J.S.A. 2C:44-5h(2))    TOTAL NUMBER OF DAYS    DATE FROM/TO

Total Custodial Term  4 years  Institution  C.C.D.C.    Total Probation Term _____

*OVER*

State of New Jersey v.   **CHARLES CORBISHLEY**   SBI #   ___   IND / ACC #  96-01-13r1

| | |
|---|---|
| Total Fine $ ___ | |
| Total Restitution $ ___ | |

If the offense occurred on or after December 20, 1991, an Assessment of $50 is imposed on each count on which the defendant was convicted unless the box below indicates a higher assessment pursuant to N.J.S.A. 2C:43-3.1. (Assessment is $30 if offense is on or after January 9, 1988 but before December 20, 1991, unless a higher penalty is noted. Assessment is $25 if offense is before January 9, 1988.)

☒ Assessment imposed on
count   ___1___
is $  50.00   each

Total VCCB Assessment $  50.00

☐ Installment payments are due at the rate of
$ ___ per ___
beginning ___ (DATE)

If any of the offenses occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C.

b) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count. (Write in $ amount for each.)

| | | | | |
|---|---|---|---|---|
| 1st Degree | $ $3000 | | 4th Degree | $ $750 |
| 2nd Degree | $ $2000 | | Disorderly Persons or Petty | |
| 3rd Degree | $ $1000 | | Disorderly Persons | $ $500 |

Total D.E.D.R. Penalty $ ___

☐ Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.

2) A forensic laboratory fee of $50 per offense is ORDERED ___ Offense $ 50

Total Lab Fee $ ___

3) Name of Drugs involved ___

4) A mandatory driver's license suspension of ___ months is ORDERED.
The suspension shall begin today ___ and end ___
Driver's License Number ___
(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)
Defendant's Address ___
Eye Color ___ Sex ___ Date of Birth ___

☐ The defendant is the holder of an out-of-state driver's license from the following jurisdiction ___ Driver's License Number ___

☐ Defendant's non-resident driving privileges are hereby revoked for ___ Months

If the offense occurred on or after February 1, 1993 and in addition, a separate lab fee or a State Correction surcharge in the amount of $30 is ordered for each occasion when a payment or installment payment is made (P.L. 1992, c. 159)

If the offense occurred on or after August 2, 1993, a $75 Safe Neighborhood Services Fund assessment is ordered for each conviction (P.L. 1993, c. 220)

If the offense occurred on or after January 9, 1994 and the sentence is to probation, a fee of up to $25 per month for the probationary term is ordered (P.L. 1993, c. 275) Amount per month ___

| NAME (Court Clerk or Person preparing this form) | TELEPHONE NUMBER | NAME (Attorney for Defendant at Sentencing) |
|---|---|---|
| DOLORES ENRIGHT | 646-3580 | NILES FEINSTEIN |

**STATEMENT OF REASONS**

See Indictments S 1393-95-01, S 1661-92-01, S1814-93-01

| JUDGE (Name) | JUDGE (Signature) | DATE |
|---|---|---|
| Elijah L. Miller, J.S.C. | [signature] | 11/18/96 |

AMENDED

| State of New Jersey | New Jersey Superior Court Law Division - Criminal |
|---|---|

v.

DEFENDANT
(specify Complete Name)
CHARLES CORBISHLEY

- ☒ JUDGMENT OF CONVICTION
- ☐ CHANGE OF JUDGMENT
- ☐ ORDER FOR COMMITMENT
- ☐ INDICTMENT / ACCUSATION DISMISSED
- ☐ JUDGMENT OF ACQUITTAL

| DATE OF BIRTH 8/16/68 | SBI NUMBER 590991B |
|---|---|
| DATE OF ARREST 10/10/93 | DATE INDICTMENT ACCUSATION FILED 1/18/96 |
| DATE OF ORIGINAL PLEA 3/18/96 | ORIGINAL PLEA ☒ NOT GUILTY  ☐ GUILTY |

ADJUDICATION BY
☐ GUILTY PLEA   DATE
☐ JURY TRIAL   DATE
☐ NON-JURY TRIAL   DATE
☐ DISMISSED/ACQUITTED   DATE

ORIGINAL CHARGES

| IND / ACC NO | COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|---|
| 96-01-13-1 2388-95 | | RECEIVING STOLEN PROPERTY | | 2C:20-7 |

FINAL CHARGES

| COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|
| 1. | RECEIVING STOLEN PROPERTY | | 2C:20-7 |

*Dolores Enright, C.C.*

It is, therefore, on 7/1/98   ORDERED and ADJUDGED that the defendant is sentenced as follows:

The Defendant is sentenced to the custody of the Commissioner of Corrections for a period of four years to run concurrent to Indictment No.s: S 1393-95-01, S 1661-92-01 and s - 1819-93 Defendant must pay $75.00 S.S.C.P.

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

| ☒ Defendant is to receive credit for time spent in custody: (R. 3:21-8) | TOTAL NUMBER OF DAYS 395 days | DATES OF CUSTODY 10/10/95 1/18/96 |
|---|---|---|
| ☐ Defendant is to receive gap time credit for time spent in custody (N.J.S.A. 2C:44-5b(2)). | TOTAL NUMBER OF DAYS | DATES (from/to) |

Total Custodial Term_____   Institution_____   Total Probation Term_____

Administrative Office of the Courts
State Bureau of Identification
COPIES TO: CHIEF PROBATION OFFICER     STATE POLICE     AOC CRIMINAL PRACTICE DIVISION     DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

State of New Jersey v.   **CHARLES CORBISHLEY**   SBI #_____   IND / ACC #__ 96-01-13-1

See Indictments S 1393-95-01, S 1661-92-01, S1819-93-01

**STATEMENT OF REASONS**

| NAME (Court Clerk or Person preparing this form) | TELEPHONE NUMBER | NAME (Attorney for Defendant at Sentencing) |
|---|---|---|
| DOLORES ENRIGHT | 646-3580 | MILES FEINSTEIN |

| JUDGE (Name) | | DATE |
|---|---|---|
| Elijah L. Miller, J.S.C. | | 9/1/98 |

AMENDED

| State of New Jersey | New Jersey Superior Court |
| --- | --- |

**v.**

New Jersey Superior Court
Law Division - Criminal

DEFENDANT (Insert Complete Name)   **CHARLES CORBISHLEY**

☑ JUDGMENT OF CONVICTION
☐ CHANGE OF JUDGMENT
☐ ORDER FOR COMMITMENT
☐ INDICTMENT / ACCUSATION DISMISSED
☐ JUDGMENT OF ACQUITTAL

| DATE OF BIRTH | 8/16/68 | ID number | 3909991B |
| DATE OF ARREST | 10/10/95 | DATE INDICTMENT / ACCUSATION FILED | 1/18/96 |
| DATE OF ORIGINAL PLEA | 3/18/96 | ORIGINAL PLEA | ☑ NOT GUILTY ☐ GUILTY |

ADJUDICATION BY

☐ GUILTY PLEA   DATE
☐ JURY TRIAL   DATE

☐ NON-JURY TRIAL   DATE
☐ Dismissed/Acquitted   DATE

**ORIGINAL CHARGES**

| IND / ACC NO | COUNT | DESCRIPTION | DEGREE | STATUTE |
| --- | --- | --- | --- | --- |
| 96-01-13-L | 1 | RECEIVING STOLEN PROPERTY | | 2C:20-7 |
| 2388-95 | | | | |

**FINAL CHARGES**

| COUNT | DESCRIPTION | | DEGREE |
| --- | --- | --- | --- |
| 1. | RECEIVING STOLEN PROPERTY | | 2C:20-7 |

*Dolores Enright C.C.*

It is, therefore, on __03/04/99__ ORDERED and ADJUDGED that the defendant is sentenced as follows:

The Defendant is sentenced to the custody of the Commissioner of
Corrections for a period of four years to run concurrent to
Indictment No.s: S 1393-95-01. S 1661-92-01 and  S - 1819-93
Defendant must pay $75.00 S.S.C.P.

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

| | | TOTAL NUMBER OF DAYS | DATE (From-To) |
| --- | --- | --- | --- |
| ☒ | Defendant is to receive credit for time spent in custody (R. 3:21-8). | | DATE (From-To) |
| ☐ | Defendant is to receive gap time credit for time spent in custody (N.J.S.A. 2C:44-5b(2)). | | DATE (From-To) |

Total Custodial Term_____   Institution_____ ~~NJSP~~   Total Probation Term_____

Administrative Office of the Courts
State Bureau of Identification
COPIES TO: CHIEF PROBATION OFFICER          STATE POLICE          AOC CRIMINAL PRACTICE DIVISION          DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

CPG100 (6/96)

State of New Jersey v   **CHARLES CORBISHLEY** _____ S.B.I. # _____ IND / ACC # **96-01-13-1**

Total FINE  $ _____

Total RESTITUTION  $ _____

If the offense occurred on or after December 23, 1991 an Assessment of $50 is imposed on each count on which the defendant was convicted unless the box below indicates a higher assessment pursuant to N.J.S.A. 2C:43-3.1 ( Assessment of $30 if offense is on or after January 9, 1986 but before December 23, 1991, unless a higher penalty is noted. Assessment of $25 if offense is before January 9, 1986 )

☒ Assessment imposed on
    counts _____1_____
    at $  _____50.00_____ each

Total VCCB Assessment  $  _____50.00_____

☐ Installment payments are due at the rate of
    $ _____ per _____
    beginning _____ (DATE)

If any of the offenses occurred on or after July 9, 1997, and is for a violation of Chapter 35 or 36 of Title 2C.

☐ A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count (fines in $ areas for each.)
    ___ 1st Degree  @ $3000       ___ 4th Degree  @ $750
    ___ 2nd Degree  @ $2000       ___ Disorderly Persons or Petty
    ___ 3rd Degree  @ $1000       ___ Disorderly Persons  @ $500

                                   Total D.E.D.R. Penalty $ _____

☐ Court further ORDERS that collection of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.

2. A mandatory laboratory fee of $50 per offense is ORDERED. ..........(Offenses @ $50.

                                   Total Lab Fee $ _____

3. Items of Drugs involved _____

4. A mandatory driver's license suspension of _____ months is ORDERED.
    The suspension shall begin today, _____ and end _____
    Driver's License Number _____
    (IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)
    Defendant's Address _____
    Eye Color _____  Sex _____  Date of Birth _____

☐ The defendant is the holder of an out-of-state driver's license from the following
    jurisdiction _____  Driver's License Number _____

☐ Defendant's non-resident driving privileges are hereby revoked for _____ months.

If the offense occurred on or after February 1, 1993 and the penalty is a disposition of the State Correctional facility, a transaction fee of up to $2 for each occasion when a payment of installment payment is made (P.L. 1992, c. 169)
If the offense occurred on or after August 2, 1993, a $75 Safe Neighborhood Services Fund is ordered for each attribution. (P.L. 1993, c. 220)
If the offense occurred on or after January 5, 1994 and the sentence is to probation, a fee of up to $25 per month for the probationary term is ordered. (P.L. 1993, c. 275) Amount per month _____

| NAME (Court Clerk or Person preparing this form) | TELEPHONE NUMBER | NAME (Attorney for Defendant or Defendant) |
|---|---|---|
| **DOLORES ENRIGHT** | 646-3580 | **MILES FEINSTEIN** |

**STATEMENT OF REASONS**

See Indictments S 1393-95-01, S 1661-92-01, S1819-93-01

| JUDGE (Name) | JUDGE Signature | DATE |
|---|---|---|
| Elijah L. Miller, J.S.C. | _(signature)_ | 03/04/99 |

Administrative Office of the Courts
State Bureau of Identification
COPIES TO: CHIEF PROBATION OFFICER   STATE POLICE   AOC CRIMINAL PRACTICE DIVISION   DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

## INMATE LOOKUP

*powered by*
*evolution*

| Inmate Database Search | Inmate Database Search Results | Inmate Information |

To return to the Search Results page, click on the Inmate Database Search Results tab, or to revise your search, click on the Inmate Database Search tab.

Name: CHARLES CORBISHLEY

| | | | |
|---|---|---|---|
| Sex: | M | | |
| DOB: | | | |
| Height: | 5' 9" | | |
| Weight: | 155 | | |
| Race: | WHITE | | |
| Hair Color: | BROWN | | |
| Hair Length: | | | |
| Eye Color: | BROWN | | |
| Complexion: | LIGHT SKINNED | | |

### Inmate Information

| | | | |
|---|---|---|---|
| Marital Status: | SINGLE | State ID: | |
| FBI: | | INS: | |
| Citizen: | | COB: | |

### Incarceration Information

| | | | |
|---|---|---|---|
| Current Location: | MAIN | County: | HACKENSACK |
| Current Housing Section: | | Current Housing Block: | |
| | | Current Housing Bed: | |
| Current Housing Cell: | | | |
| Commitment Date: | 02/03/1995 | Release Date: | 02/24/1995 00:00 |

### Alias Information
There are no aliases for this inmate.

### Detainer Information
There is no detainer information for this inmate.

### Bond Information
There is no Bond Information for this Inmate.

### Charge Information

| Case # | Offense Date | Code | Description | Grade | Degree |
|---|---|---|---|---|---|
| W122253 | | 2C:29-2A | RESISTING ARREST | D | 1 |
| W122253 | | 2C:39-5(B) | POSS AUTOMATIC HANDGUN | F | 1 |
| W122255 | | 2C:35-10A4 | POSSESSION of MARIJUANA | D | 1 |
| W122255 | | 2C:36-2 | POSS OF DRUG PARAPHERNALIA | D | 1 |
| W122255 | | 2C:36-6 | POSS/DIST HYPODERMIC NEEDLE | D | 1 |
| W877698 | | 2C:35-7 | CDS ON SCHOOL PROPERTY | F | 1 |
| W877698 | | 2C:35-5B2 | POSS CDS >1/2 OZ < 5 OZS | F | 1 |
| W877698 | | 2C:35-10A1 | POSSESSION of CDS | F | 1 |
| W877699 | | 2C:35-10A1 | POSSESSION of CDS | F | 1 |

© Copyright 2007, Digital Solutions, Inc. All Rights Reserved

# INMATE LOOKUP

*powered by*
*Evolution*

| Inmate Database Search | Inmate Database Search Results | Inmate Information |
|---|---|---|

To return to the Search Results page, click on the Inmate Database Search Results tab, or to revise your search, click on the Inmate Database Search tab.

Name: CHARLES CORBISHLEY

| | | | |
|---|---|---|---|
| **Sex:** | M | **DOB:** | |
| **Height:** | 5' 9" | **Weight:** | 160 |
| **Race:** | WHITE | **Hair Color:** | BROWN |
| **Hair Length:** | | **Eye Color:** | BROWN |
| **Complexion:** | LIGHT SKINNED | | |

## Inmate Information

| | | | |
|---|---|---|---|
| **Marital Status:** | SINGLE | **State ID:** | |
| **FBI:** | | **INS:** | |
| **Citizen:** | | **COB:** | |

## Incarceration Information

| | | | |
|---|---|---|---|
| **Current Location:** | MAIN | **County:** | |
| **Current Housing Section:** | | **Current Housing Block:** | |
| **Current Housing Cell:** | | **Current Housing Bed:** | |
| **Commitment Date:** | 04/21/1995 | **Release Date:** | 04/21/1995 00:00 |

## Alias Information

There are no aliases for this inmate.

## Detainer Information

There is no detainer information for this inmate.

## Bond Information

There is no Bond Information for this inmate.

## Charge Information

| Case # | Offense Date | Code | Description | Grade | Degree |
|---|---|---|---|---|---|
| 921819002 | | 2C:45-3A | VIOLATION OF PROBATION (SUPERIOR) | F | 1 |

© Copyright 2007, Digital Solutions, Inc. All Rights Reserved

**INMATE LOOKUP**  powered by *evolution*

Inmate Database Search | Inmate Database Search Results | Inmate Information

To return to the Search Results page, click on the Inmate Database Search Results tab, or to revise your search, click on the Inmate Database Search tab.

Name: CHARLES CORKERLEY

| | |
|---|---|
| Sex: | M |
| DOB: | |
| Height: | 5' 9" |
| Weight: | 155 |
| Race: | WHITE |
| Hair Color: | BROWN |
| Hair Length: | |
| Eye Color: | BROWN |
| Complexion: | LIGHT SKINNED |

Personal Information

| | | | |
|---|---|---|---|
| Marital Status: | SINGLE | State ID: | |
| FBI: | | INS: | |
| Citizen: | | COB: | |

Incarceration Information

| | | | |
|---|---|---|---|
| Current Location: | MAIN | County: | HACKENSACK |
| Current Housing Section: | | Current Housing Block: | |
| Current Housing Cell: | | Current Housing Bed: | |
| Commitment Date: | 10/10/1995 | Release Date: | 01/10/1997 00:00 |

Alias Information

There are no aliases for this inmate.

Detainer Information

There is no detainer information for this inmate.

Bond Information

There is no Bond Information for this inmate.

Charge Information

| Case # | Offense Date | Code | Description | Grade | Degree |
|---|---|---|---|---|---|
| 921666001 | | 2C:45-3A | VIOLATION OF PROBATION (SUPERIOR) | F | 2 |
| 9218180020 | | 2C:45-3A | VIOLATION OF PROBATION (SUPERIOR) | F | |
| 951393001 | | 2C:29-2A | RESISTING ARREST | D | 3 |
| 951393001 | | 2C:39-4E | POSSESS IMITATION FIREARM | F | 3 |
| 951393001 | | 2C:35-10A1 | POSSESSION of CDS | F | 3 |
| 951393001 | | 2C:35-7 | CDS ON SCHOOL PROPERTY | F | 3 |
| 951393001 | | 2C:21-6(C)5 | CREDIT CARD- DEFRAUD ISSUER | F | 3 |
| 951393001 | | IND | INDICTMENT SUPERIOR COURT | F | 3 |
| 951393001 | | 2C:35-3 | LEADER NARCOTICS NETWORK | F | 1 |
| 960013002 | | IND | INDICTMENT SUPERIOR COURT | F | 1 |
| W161123 | | 2C:20-3A | THEFT OF MOVABLE PROPERTY | F | 1 |
| W162599 | | 2C:5-5 | BURGLAR's TOOLS | F | 1 |
| W183701 | | 2C:28-4 | FALSE REPORTS TO LAW ENFORCE. | F | 1 |

© Copyright 2007, Digital Solutions, Inc. All Rights Reserved

## INMATE LOOKUP

powered by: *evolution*

| Inmate Database Search | Inmate Database Search Results | Inmate Information |

To return to the Search Results page, click on the Inmate Database Search Results tab, or to revise your search, click on the Inmate Database Search tab.

Name: CHARLES CORBISHLEY

| | | |
|---|---|---|
| Sex: | M | |
| DOB: | | |
| Height: | 5' 9" | |
| Weight: | 155 | |
| Race: | WHITE | |
| Hair Color: | BROWN | |
| Hair Length: | | |
| Eye Color: | BROWN | |
| Complexion: | LIGHT SKINNED | |

### Inmate Information

| | | | |
|---|---|---|---|
| **Marital Status:** | SINGLE | **State ID:** | |
| **FBI:** | | **INS:** | |
| **Citizen:** | | **COB:** | |

### Incarceration Information

| | | | |
|---|---|---|---|
| **Current Location:** | MAIN | **County:** | |
| **Current Housing Section:** | | **Current Housing Block:** | |
| **Current Housing Cell:** | | **Current Housing Bed:** | |
| **Commitment Date:** | 10/14/1997 | **Release Date:** | 10/15/1997 00:00 |

### Alias Information

There are no aliases for this inmate.

### Detainer Information

There is no detainer information for this inmate.

### Bond Information

There is no Bond Information for this inmate.

### Charge Information

| Case # | Offense Date | Code | Description | Grade | Degree |
|---|---|---|---|---|---|
| 960013002 | | IND | INDICTMENT SUPERIOR COURT | F | 1 |

© Copyright 2007, Digital Solutions, Inc. All Rights Reserved

## INMATE LOOKUP

powered by:
e volution

| Inmate Database Search | Inmate Database Search Results | Inmate Information |

To return to the Search Results page, click on the Inmate Database Search Results tab, or to revise your search, click on the Inmate Database Search tab.

Name: CHARLES CORBISHLEY

| | |
|---|---|
| Sex: | M |
| DOB: | |
| Height: | 5' 9" |
| Weight: | 155 |
| Race: | WHITE |
| Hair Color: | BROWN |
| Hair Length: | |
| Eye Color: | BROWN |
| Complexion: | LIGHT SKINNED |

### Inmate Information

| | | | |
|---|---|---|---|
| **Marital Status:** | SINGLE | **State ID:** | |
| **FBI:** | | **INS:** | |
| **Citizen:** | | **COB:** | |

### Incarceration Information

| | | | |
|---|---|---|---|
| **Current Location:** | MAIN | **County:** | |
| **Current Housing Section:** | | **Current Housing Block:** | |
| **Current Housing Cell:** | | **Current Housing Bed:** | |
| **Commitment Date:** | 06/12/1998 | **Release Date:** | 06/17/1998 00:00 |

### Alias Information

There are no aliases for this inmate.

### Detainer Information

There is no detainer information for this inmate.

### Bond Information

There is no Bond Information for this Inmate.

### Charge Information

| Case # | Offense Date | Code | Description | Grade | Degree |
|---|---|---|---|---|---|
| 921661001 | | IND | INDICTMENT SUPERIOR COURT | F | |
| 951393001 | | IND | INDICTMENT SUPERIOR COURT | F | |

© Copyright 2007, Digital Solutions, Inc. All Rights Reserved

**INMATE LOOKUP**                                                                    powered by
                                                                                    evolution

Inmate Database Search          Inmate Database Search Results          Inmate Information

To return to the Search Results page, click on the Inmate Database Search Results tab, or to revise your search, click on the Inmate Database Search tab.

Name: CHARLES CORBISHLEY

| | |
|---|---|
| Sex: | M |
| DOB: | |
| Height: | 5' 9" |
| Weight: | 155 |
| Race: | WHITE |
| Hair Color: | BROWN |
| Hair Length: | |
| Eye Color: | BROWN |
| Complexion: | LIGHT SKINNED |

| | | | |
|---|---|---|---|
| Marital Status: | SINGLE | State ID: | |
| FBI: | | INS: | |
| Citizen: | | COB: | |

**Incarceration Information**

| | | | |
|---|---|---|---|
| Current Location: | MAIN | County: | |
| Current Housing Section: | | Current Housing Block: | |
| | | Current Housing Bed: | |
| Current Housing Cell: | | | |
| Commitment Date: | 06/30/1998 | Release Date: | 07/02/1998 00:00 |

**Alias Information**
There are no aliases for this inmate.

**Detainer Information**
There is no detainer information for this inmate.

**Bond Information**
There is no Bond Information for this Inmate.

**Charge Information**

| Case # | Offense Date | Code | Description | Grade | Degree |
|---|---|---|---|---|---|
| 951393001 | | IND | INDICTMENT SUPERIOR COURT | F | 1 |

© Copyright 2007, Digital Solutions, Inc. All Rights Reserved

INMATE LOOKUP

powered by:
*evolution*

| Inmate Database Search | Inmate Database Search Results | Inmate Information |

To return to the Search Results page, click on the Inmate Database Search Results tab, or to revise your search, click on the Inmate Database Search tab.

Name: CHARLES CORBISHLEY

| | | | |
|---|---|---|---|
| Sex: | M | | |
| DOB: | | | |
| Height: | 5' 9" | | |
| Weight: | 155 | | |
| Race: | WHITE | | |
| Hair Color: | BROWN | | |
| Hair Length: | | | |
| Eye Color: | BROWN | | |
| Complexion: | LIGHT SKINNED | | |

**Inmate Information**

| | | | |
|---|---|---|---|
| Marital Status: | SINGLE | State ID: | |
| FBI: | | INS: | |
| Citizen: | | COB: | |

**Incarceration Information**

| | | | |
|---|---|---|---|
| Current Location: | MAIN | County: | |
| Current Housing Section: | | Current Housing Block: | |
| Current Housing Cell: | | Current Housing Bed: | |
| Commitment Date: | 03/22/1999 | Release Date: | 03/23/1999 00:00 |

Visitor Information
DAVE TELLIA
CHARLES JR CORBISHLEY

Detainer Information
There is no detainer information for this inmate.

Bond Information
There is no Bond Information for this Inmate.

Charge Information

| Case # | Offense Date | Code | Description | Grade | Degree |
|---|---|---|---|---|---|
| 951393001 | | IND | INDICTMENT SUPERIOR COURT | F | |
| 960013002 | | IND | INDICTMENT SUPERIOR COURT | F | 1 |

© Copyright 2007, Digital Solutions, Inc. All Rights Reserved

**INMATE LOOKUP** *evolution*

To return to the Search Results page, click on the Inmate Database Search Results tab, or to revise your search, click on the Inmate Database Search tab.

Name: CHARLES CORBISHLEY

| | |
|---|---|
| Sex: | M |
| DOB: | |
| Height: | 5' 9" |
| Weight: | 155 |
| Race: | WHITE |
| Hair Color: | BROWN |
| Hair Length: | |
| Eye Color: | BROWN |
| Complexion: | LIGHT SKINNED |

**Inmate Information**

| | | | | |
|---|---|---|---|---|
| Marital Status: | SINGLE | | State ID: | |
| FBI: | | | INS: | |
| Citizen: | United States of America | | COB: | United States of America |

**Incarceration Information**

| | | | |
|---|---|---|---|
| Current Location: | MAIN | County: | |
| Current Housing Section: | | Current Housing Block: | |
| | | Current Housing Bed: | |
| Current Housing Cell: | | | |
| Commitment Date: | 12/07/1999 | Release Date: | 04/07/2000 21:00 |

**Alias Information**

There are no aliases for this inmate.

**Detainer Information**

There is no detainer information for this inmate.

**Bail Information**

| | | | | | | |
|---|---|---|---|---|---|---|
| Case #: 921661001 | Amount: $250,000.01 | Status: Dismissed | Posted By: | | Post Date: | 01/04/2000 |

**Offense Information**

| Case # | Offense Date | Code | Description | Grade | Degree |
|---|---|---|---|---|---|
| 921661001 | | 2C:45-3A | VIOLATION OF PROBATION (SUPERIOR) | F | 1 |
| 921661001 | | 2C:20-7.1A | POSSESSION ALTERED PROPERTY | F | 1 |
| 921819002 | | 2C:18-2A | BURGLARY | F | 1 |
| 921819002 | | 2C:45-3A | VIOLATION OF PROBATION (SUPERIOR) | F | 1 |

© Copyright 2007, Digital Solutions, Inc. All Rights Reserved