<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANDREW P. NAPOLITANO,<br><br>   Plaintiff,<br><br>v.<br><br>CHARLES CORBISHLEY,<br><br>   Defendant. | Civil Action No.: 20-12712 (CCC) |
| CHARLES CORBISHLEY,<br><br>   Plaintiff,<br><br>v.<br><br>ANDREW P. NAPOLITANO,<br><br>   Defendant. | Civil Action No.: 20-15429 (CCC)<br><br><br>**OPINION** |

<u>**FALK, Chief U.S.M.J.**</u>

   These are two consolidated cases arising out of Charles Corbishley's allegation of sexual misconduct against Andrew Napolitano and Napolitano's claim that Corbishley's allegations are fabricated, defamatory, and extortionate. Currently before the Court is Corbishley's motion to amend his Complaint to add: (1) a claim for defamation; and (2) seven paragraphs of allegations to support the claim (*see* Proposed Am. Cmpl., ¶¶ 75-82.)

–1–

The motion is opposed. No argument is needed. *See* Fed. R. Civ. P. 78(b). For the reasons stated below, the motion is **GRANTED IN PART AND DENIED IN PART**. Specifically, Corbishley will be permitted to amend his Complaint to allege defamation, but the proposed pleading shall not include the allegations set forth at paragraphs 78 and 80-82.

## RELEVANT BACKGROUND

This consolidated action is comprised of two different complaints. In *Corbishley v. Napolitano*, 20-15429 (CCC), Corbishley claims that he was the victim of sexual assault while a defendant in a criminal case pending before then-Judge Napolitano in New Jersey Superior Court in 1988. In short, Corbishley claims that his defense attorney, Robert A. Hollis, Esq. (now deceased), was corrupt and arranged for Corbishley to meet with Judge Napolitano at a home in Hackensack, New Jersey, at which Napolitano allegedly demanded sexual favors from Corbishley in exchange for leniency in his criminal case.

In *Napolitano v. Corbishely*, 20-12712 (CCC), the Complaint contains a single count of defamation, arising out of public comments and statements associated with Corbishley's Complaint, which is described as an "extortionate scheme and defamatory smear campaign to damage permanently Former Judge Napolitano's reputation with fabricated and baseless accusations of sexual misconduct that supposedly occurred more than thirty years in the past." (Napolitano Compl. ("NC"), ¶ 1.) Napolitano denies

having ever had any private, *ex-parte* meeting with Corbishley and denied ever having engaged in any sort of sexual contact with him.

In or around December 2019, Corbishley's lawyers sent Napolitano what he describes as an "extortionate demand letter . . . [and] draft verified complaint asserting false accusations of sexual misconduct and corruption." (NC ¶ 14.)

The parties later engaged in pre-suit mediation which did not result in resolution. On September 11, 2020, Corbishley filed his Complaint in the United States District Court for the Southern District of New York.[1] On September 15, 2020, Napolitano filed his Complaint in this Court.

**The Current Motion**

Corbishley seeks leave to amend his Complaint to allege defamation. The proposed amended complaint supporting the motion contains seven paragraphs of allegations under the heading "Defendant Napolitano Manufactures a Completely False 'Extortion' Claim against Plaintiff." (Proposed Am. Compl., p. 11.) Specifically, Corbishley alleges, in part:

> 75. Apart from making false claims about Corbishley's threats of violence, Defendant Napoliotano made further false and defamatory statements to the courts, to the media, and to various third-parties, regarding Corbishely.
>
> 76. Specifically, Defendant Napolitano told the courts, media, and various third parties that Plaintiff Charles Corbishley had attempted to 'extort' money from him

---

[1] On October 21, 2020, Corbishley's Complaint was transferred to the District of New Jersey by the Honorable Vernon S. Broderick, U.S.D.J. (Civ. A. No. 20-15429; ECF No. 16.)

and had engaged in an 'extortionate scheme' prior to instituting this action. (Proposed Am. Compl., ¶¶ 75-77.)

The Proposed Amended Complaint also contains seven paragraphs (also included in the currently operative complaint) that allege that Napolitano contacted law enforcement and manufactured false claims against Corbishley claiming that he made terroristic threats.   (Compl., ¶¶ 64-71.)

Corbishley's proposed amended pleading continues by setting forth additional paragraphs that refer to the parties' mediation.   Corbishley contends that both the pre-existing allegations at paragraphs 64-71 and the new allegations at 75-82 support his proposed defamation claim.

Napolitano opposes the motion to amend, claiming: (1) the amendment implicates privileged mediation communications in violation of New Jersey law; and (2) the amendment is futile and fails to state a claim.

## **LEGAL STANDARDS**

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits a party to amend its pleading at any point prior to trial "only with the opposing party's written consent or the court's leave."   Leave should be freely given by the Court "when justice so requires." *Id.*   This mandate encompasses a broad range of equitable factors. *Arthur v. Maersk, Inc.,* 434 F.3d 196, 203 (3d Cir. 2006) (citations omitted).   A court will consider whether the delay in seeking amendment is undue, motivated by bad faith, prejudicial, or if it

would ultimately be futile.  *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1964).  The decision to grant leave rests in the sound discretion of the Court.  *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 331 (1971).

New Jersey law recognizes that "mediation communications are privileged." *Kernaham v. Home Warranty Adm'r of Fla., Inc.*, 236 N.J. 301 (2019); *see also* N.J. R. Evid. 519.  A "mediation communication" is defined to include any "statement, whether verbal or nonverbal or in a record, that occurs during a mediation or is made for purposes of considering, conducting, participating in, initiating, continuing, or reconvening a mediation or retaining a mediator."  N.J.S.A. § 2A:23C-2.[2]

## DECISION

Corbishely's motion to amend will be granted in part and denied in part for the following reasons.

Corbishley's claim is not futile in the context of Rule 15 futility.  Futility generally refers to the concept that the proposed amendment would not survive a Rule 12(b)(6) motion, even assuming everything in the proposed pleading is true.  However, although Rule 15 futility closely tracks Rule 12(b)(6), Rule 15 futility does not contemplate substantive motion practice on the merits of the claims.  As it has been described:

---

[2] Since this case is here on federal diversity jurisdiction, New Jersey law governs the extent to which the mediation privilege applies in this case. *See, e,g., United Coal Companies v. Powell Constr. Co.*, 839 F.2d 958, 965 (3d Cir. 1988).

> If a proposed amendment is not *clearly* futile, then denial of leave to amend is improper. <u>This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense;</u> [it] does require, however, that the newly asserted defense appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit.

*Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J.1990) (emphases added) (citations omitted); *see also* 6 Wright, Miller & Kane Federal Practice and Procedure, §1487 (2d ed. 1990). Effectively, this means that the proposed amendment must be "frivolous or advance a claim or defense that is legally insufficient on its face . . . ." *Marlowe Patent Holdings LLC v. Dice Electronics, LLC*, 293 F.R.D. 688, 695 (D.N.J. 2013).

Napolitano essentially states that the proposed defamation claim is futile because any statements he made were either (1) true, or (2) permissible, non-actionable "rhetorical hyperbole" or "vigorous epithet[s]." (Br. 15-16.) Neither of these grounds are a basis to deny the motion to amend. Obviously, the parties dispute the truth of each other's statements – and in the context of this motion, Corbishely's allegations must be taken as true. Likewise for the claim of "rhetorical hyperbole." The Court is not positioned in the context of Rule 15 to assess whether statements are true or false, nor is it appropriate in the context of Rule 15 to determine whether any supposed statements about extortion or terroristic threats are non-actionable hyperbole. It is more appropriate - and Napolitano is free to move to dismiss the claim - under Rule12(b)(6). However, under the standard applicable to this motion, the Court is not in position to deny the

amendment as patently frivolous.   Absent facial infirmity, amendment shall be liberally granted.   For that reason, Corbishely is permitted to amend his Complaint to allege defamation.[3]

However, the Court agrees that the allegations relating to mediation are inappropriate, at least in a pleading.   First, there is a mediation privilege under New Jersey law, which has been strongly enforced by the New Jersey Supreme Court. It exceeds the scope of proper pleading to set forth claims and information that infringe on the mediation process.   Second, it is not necessary, at least at the pleading stage, to set forth such information to present a non-futile defamation claim.   Corbishely's proposed pleading has allegations relating to Napolitano's alleged improper reporting to law enforcement and statements made in connection with same.   (Compl., ¶¶ 64-71.)   It also refers to false statements made to third parties in connection with the supposed "extortionate scheme."   (Compl., ¶¶ 75-82.)   Any direct references to the mediation process are inappropriate at this stage and likely violative of the mediation privilege.   As such, these allegations would be subject to removal from a pleading pursuant to Rule 12(f).[4]   To be clear, that does not mean that references to the mediation process would be

---

[3] There is no claim that the motion is delayed, prejudicial or in bad faith – as those terms are defined by Rule 15.   Nor would any apply.   The case is in the early stages, discovery is open and ongoing, no dispositive motions are pending, and trial is not imminent.

[4] Rule 12(f) is a permissible vehicle to remove potentially privileged information from a complaint.  *See Shakima O. v. Westchester County*, 2014 WL 521608, at *6 (S.D.N.Y. Feb. 10, 2014).

inappropriate as support for a claim later or in other aspects of the case, or that the privilege could not be waived or otherwise overcome. However, such positions would need to be explored in a more detailed way and not embedded within the context of a motion to amend a complaint.

In short, Corbishley has set forth sufficient allegations to assert a non-futile claim of defamation and is permitted to file the claim. However, the references in the proposed pleading referring to the mediation process are unnecessary and potentially violate a privilege and the request to include them is denied.

## CONCLUSION

For the reasons set forth above, Corbishley's motion to amend is **GRANTED IN PART AND DENIED IN PART** in that Corbishley is permitted to file his proposed amended complaint but shall remove paragraphs 78 and 80-82 before doing so.

**SO ORDERED**.

                                                                                  s/Mark Falk  
                                                                                  **MARK FALK**  
                                                                                   **Chief Magistrate Judge**

**DATED: August 9, 2021**